FRANK M. HUNTING, Respondent, v. FERDINAND S. M. BLUN,
Appellant.

In an action under the General Manufacturing Act (§ 18, chap. 40, Laws
of 1848) to enforce the liability imposed by the act upon a stockholder
of an insolvent corporation, to excuse the non-performance of the con-
dition precedent to such liability, i. e., the recovery of a judgment
against the corporation and the return of an execution issued thereon
unsatisfied, plaintiff produced a record of a judgment in an action in
the Supreme Court, brought by a judgment creditor of the corporation
to sequestrate its property and for the appointment of a receiver.   The
complaint in that action alleged the recovery of a judgment against the
corporation in the Auburn City Court, and the issue and return of an
execution thereon unsatisfied.   The judgment granted the relief sought,
and forbade creditors from suing the company.   The corporation was
not located in said city.   Defendant claimed that the judgment was
void for want of jurisdiction, and so the injunction was a nullity and
might have been disregarded.   Held, that, conceding the invalidity of
the judgment, plaintiff was not bound to disregard it, and that the non-
performance of the condition was excused ; but, held, that the complaint
in the former action presented a case over which the court had jurisdic-
tion; that the question as to the validity of the City Court judgment was
one of law for it to decide, and, although it erred in adjudging it to be
valid, this was a judicial error, and the judgment of sequestration could
not be attacked collaterally, but the mistake, if made, was available
only on appeal or some direct review of the decision.

Reported below, 69 Hun, 562.

(Argued October 22, 1894; decided November 27, 1894.)

APPEAL from order of the General Term of the Supreme
Court in the fifth judicial department, entered upon an order
made June 23, 1893, which denied a motion by defendant for
a new trial and directed judgment in favor of plaintiff upon
the verdict directed by the court.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*B. T. Wright* for appellant.   The court erred in denying
defendant's motion for a non-suit.   (Laws of 1848, chap. 40,
§ 24; *Dean* v. *Mace,* 19 Hun, 391; *Farnsworth* v. *Wood,* 91
N. Y. 308; *Crippin* v. *Hudson,* 13 id. 161; *R. M. N. Bank,*

v. *Bliss,* 89 id. 338; Code Civ. Pro. § 1784; *Slee* v. *Bloom,*
5 Johns. Ch. 366; *Decker* v. *Gardner,* 124 N. Y. 334; *Gilman* v. *G. P. S. Co.,* 61 Barb. 1; *Galway* v. *U. S. S. S. R. Co.,* 36 id. 256; *Ervin* v. *O. R. R. N. Co.,* 62 How. Pr. 490,
491; *People* v. *A. & S. R. R. Co.,* 55 Barb. 344; *Waterbury* v. *M. U. E. Co.,* 50 Barb. 157.) The Rheubottom & Teall
Manufacturing Company was not a resident of the city of
Auburn when the City Court action was commenced. Nor
does the fact that its president was within the city of Auburn
when the summons was served upon him, aid the plaintiff any.
(*Hubbard* v. *N. P. Ins. Co.,* 11 How. Pr. 149, 151; *Conroe*
v. *N. P. Ins. Co.,* 10 id. 403, 404; *O. S. Factory* v. *Dalloway,* 21 N. Y. 449, 455; *W. T. Co.* v. *Scheu,* 19 id. 408; *U. S. Co.* v. *City of Buffalo,* 82 id. 351, 355, 356; *Phillips* v.
*B. L. Co.,* 21 Atl. Rep. 640; *Carpenter* v. *W. A. B. Co.,* 32
Fed. Rep. 434, 435; *Reifsnider* v. *A. I. P. Co.,* 45 id. 433;
*Eliot* v. *Piersol,* 1 Pet. 328; *Turner* v. *Roby,* 3 N. Y. 193.)
If plaintiff is permitted to introduce a judgment in evidence,
as an excuse for not performing a duty required by statute, it
is just to allow defendant to invalidate the excuse by showing
the judgment to be void, and a general denial is sufficient to
permit this. (*O'Brien* v. *McCann,* 58 N. Y. 373; *Milbank*
v. *Jones,* 141 id. 340; *Greenfield* v. *M. M. L. Ins. Co.,* 47 id.
430; *Wheeler* v. *Billings,* 38 id. 263–265.) A mere inspection of the judgment entered in the City Court of the city of
Auburn, in the case of *N. Bank* v. *R. & T. M. Co.,* which
is the alleged basis of the sequestration action, shows that
that court had no jurisdiction of the Rheubottom & Teall
Manufacturing Company, for it shows on its face that
that company was a duly organized corporation located
and doing business at the village of Weedsport, N. Y.
(*Gilbert* v. *York,* 111 N. Y. 544; *Fries* v. *Ford,* 6 id. 176.)
The judgment of sequestration and the orders therein contained restraining creditors are void, and do not constitute an
excuse for the plaintiff in this action for not performing the
statutory condition precedent of obtaining a judgment against
the corporation before bringing his action against a stock-

holder. (*Yates* v. *Lansing,* 9 Johns. 407; *Turner* v. *Roby,* 3 N.Y. 193, 194, 195; *Cleveland* v. *Rogers,* 6 Wend. 438, 439; *People* v. *Koeber,* 7 Hill, 39–41; *Sackett* v. *Andross,* 5 id. 327–330; *Dakin* v. *Hudson,* 6 Cow. 221; *Cornell* v. *Barnes,* 7 Hill, 35; *Barnes* v. *Harris,* 3 Barb. 603; *Bridge* v. *Ford,* 4 Mass. 641; *Wiley* v. *Stickland,* 8 Ind. 453; 2 Black on Judg. § 966; *McCracken* v. *Flanagan,* 127 N. Y. 493; *Foote* v. *Stevens,* 17 Wend. 483; *Colwell* v. *G. N. Bank,* 119 N. Y. 408.) Where the existence of a condition or status of the defendant is necessary to confer jurisdiction, as in this case, the recital of fact in the record showing such condition or status is only *prima facie* evidence of those facts, and they may be contradicted when the record is offered in evidence or relied upon for any purpose. (*People ex rel.* v. *Warden,* 100 N. Y. 20; *Dobson* v. *Pearce,* 12 id. 156; *Harrington* v. *People,* 6 Barb. 607; *Craig* v. *Town of Andes,* 93 N. Y. 405; *Adams* v. *S. & W. R. R. Co.,* 10 id. 328; *Kerr* v. *Kerr,* 41 id. 272.) It was error to receive in evidence an order made on the 7th day of April, 1891, upon the petition of the receiver, in which it was alleged he asked permission to pay the employees' accounts as preferred claims, and that the application was denied. (Laws of 1885, chap. 376.) Plaintiff should not succeed in this action for the reason that he has not exhausted his remedy against the corporation. (*Brown* v. *A. B. C. F. Co.,* 52 Hun, 151; Code Civ. Pro. § 1784; *A. B. Co.* v. *Sylvester,* 68 Hun, 401; Laws of 1885, chap. 376.)

*E. C. Aiken* for respondent. A cause of action against a corporation or a stockholder in favor of a laborer is assignable. (*Wakefield* v. *Fargo,* 90 N. Y. 123; *Kincaid* v. *Dwinnelle,* 59 id. 548; *Pilcher* v. *Brayton,* 17 Hun, 429; Code, §§ 1909, 1910; *Bolen* v. *Crosby,* 49 N. Y. 183; *Allen* v. *Clark,* 21 N. Y. Supp. 338.) Where a condition precedent to the maintenance of an action has become impossible, such condition precedent is no longer in force. (*Kincaid* v. *Dwinnelle,* 59 N. Y. 548; *Shellington* v. *Howland,* 53 id. 371; *Hardman* v. *Sage,* 124 id. 32.) The court properly excluded evidence

tending to impeach the sequestration judgment. (*Roderigas*
v. *E. R. S. Inst.*, 63 N. Y. 460 ; Code Civ. Pro. § 405.)

FINCH, J.  The plaintiff as assignee of certain employees
of an insolvent corporation sued the defendant, a stockholder,
for the amount of their unpaid wages.  It was necessary for
the plaintiff to prove the condition precedent attached by the
law to his right of action that judgment upon the demand
had been rendered against the corporation, and execution
thereon had been returned unsatisfied.  He proved such a
judgment, obtained in the Auburn City Court, but the corpo-
ration was located out of the city, and the judgment was held
to be a nullity for want of jurisdiction in the local court.
The plaintiff then sought to excuse the non-performance of
the essential condition by showing that it became impossible
within the period prescribed.  He produced the record of an
action in the Supreme Court brought by a creditor of the cor-
poration to sequestrate its property and for the appointment
of a receiver.  Judgment was rendered granting that relief
and forbidding creditors from suing the company or inter-
fering with its assets.  This injunction made performance of
the condition precedent practically impossible.  Such fact
excused the omission.  (*Hardman* v. *Sage*, 124 N. Y. 32.)
But the defendant now attacks that judgment as also void for
want of jurisdiction, and insists that plaintiff was at liberty to
sue, and could have disregarded the injunction as a nullity
and without being guilty of contempt of court.  Even if that
were true, I do not think he was bound to take the risk.  In
judging of his omission to act, and measuring the quality of
his excuse, it does not seem to me that we should require him
to go behind the explicit order of the court and determine at
his peril whether he could safely defy it.  The fact of its
existence may reasonably justify a conclusion that a practical
impossibility stood in the way of a suit by plaintiff against
the corporation.  But, however that may be, I think the judg-
ment of sequestration and the injunction which accompanied
it were not shown to be void by any evidence which the

defendant offered. The plaintiff in that case by his complaint fairly alleged all that was needed to authorize the judgment of the court. It avers the recovery of a judgment against the corporation in the Auburn City Court, the docket of that judgment in the Cayuga county clerk's office, the issue of an execution and the return of the same unsatisfied. Those allegations presented a case over which the jurisdiction of the court was unquestionable. They were sufficient to invoke and require a judicial determination whether they were true or not and whether sequestration should follow. It may be that the court erred in regarding the City Court judgment as valid. That was a question of law for the court to decide, and its error, if it made one, was a judicial error to be corrected by an appeal. We held substantially that in *Whittlesey* v. *Frantz* (74 N. Y. 457). That was a case like the one before us in every respect except as to the defect which made the creditor's judgment void and null.

The difficulty there was that by reason of a misnomer the corporation had not been sued at all, and there was no judgment against it. Our first answer to the objection went upon the concession that the error might make the judgment invalid, but we held that the judgment of sequestration could not be collaterally attacked for error in the proofs on which it rested. So in this case the evidence may have been insufficient and the court in error, either because no defect was alleged or pointed out, or because the court thought that the presence of the president of the corporation in Auburn, where a part of the corporate property was situated, answered the requirement of the statute as to the defendants that " they are within the city of Auburn." (Laws of 1887, chap. 633, § 2.) However erroneous the decision might have been, the court had jurisdiction of the subject-matter presented for its consideration, and its mistake, if made, was only available on an appeal or some direct review of the decision. We think the case cited is decisive of this appeal.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.