THOMAS JONES, as Receiver, etc., Respondent, *v.* FERDINAND S. M. BLUN et al., Appellants.

Where a temporary receiver, appointed in an action to sequestrate the property of a corporation, has duly executed and filed the requisite bond, and thereafter, under the judgment in the action, is continued as permanent receiver, while a further bond may be exacted in the discretion of the court, he is under no obligation to furnish it until required to do so, and his failure to do so does not affect his power to act as permanent receiver.

Although a partnership may be regarded as a legal entity for certain purposes, this fiction may not be invoked to shield one of the co-partners who is a stockholder in a corporation, from the effect of a statute forbidding a preference to the stockholder, or to enable him to do as a partner that which the law prohibits him from doing as an individual.

In an action brought by a receiver of the R. & T. M. Co., a manufacturing corporation, to set aside certain transfers alleged to have been made by the corporation to the defendants, one of whom was a stockholder of said corporation, in violation of the statutory provisions (1 R. S. 603, § 4) prohibiting the transfer by a corporation after it has "refused the payment of its notes or other evidences of debt," of any of its property or choses in action to a stockholder, in payment of a debt, the defendants claimed that the judgment of sequestration and the appointment of plaintiff was without jurisdiction and void. These facts appeared: Plaintiff was appointed receiver in an action brought by a creditor against the corporation to sequestrate its property. That action was based upon a judgment recovered against the corporation in the City Court of Auburn, which was set forth in the complaint; the corporation did not do business and was not located in that city. *Held*, that the allegations in the complaint in the former action presented the question as to whether the City Court had jurisdiction, and if the court erred in its determination, it was a judicial error to be corrected on appeal therein, and the judgment of sequestration could not be attacked collaterally ; and that this was a collateral attack.

Defendants were co-partners. Defendant B. was a stockholder in said corporation; after it had refused the payment of its evidences of debt, it transferred to defendants' firm, in payment of a debt due to the firm, an

indebtedness to it of another corporation. *Held,* that the transfer was within the prohibition of the statute, and so was void; and that plaintiff was entitled to recover the moneys collected by defendants' firm on the claim so transferred.

(Argued March 1, 1895; decided March 12, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 18, 1894, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*B. T. Wright* for appellants. The plaintiff is not entitled to a judgment against the defendants. (*Menagh* v. *Whitewell,* 52 N. Y. 146 ; *Bulger* v. *Rosa,* 119 id. 450 ; *Coats* v. *Donnell,* 94 id. 168 ; *Bank of Buffalo* v. *Thompson,* 121 id. 280.) The defendants are not liable under the last clause of the section under which this action is brought, for the reason that there was never any transfer or assignment to them of property in contemplation of the insolvency of the company. (*Hayes* v. *Beardsley,* 136 N. Y. 299 ; *Paulding* v. *C. S. Co.,* 94 id. 334 ; *Dutcher* v. *I. & T. N. Bank,* 59 id. 5 ; *Parish* v. *Wheeler,* 22 id. 494 ; *Curtis* v. *Leavit,* 15 id. 9 ; *Rudd* v. *Robinson,* 126 id. 113.) The court should have permitted the defendants to show that the judgment of sequestration and appointment of the plaintiff as receiver of the Rheubottom & Teall Manufacturing Company is void ; that the court obtained no jurisdiction of the subject-matter therein, or power to proceed therein, because there was no judgment upon which to found the same. (*Hubbard* v. *N. P. Ins. Co.,* 11 How. Pr. 149, 151 ; *Conroe* v. *N. P. Ins. Co.,* 10 id. 403, 405 ; *O. S. Factory* v. *Dolloway,* 21 N. Y. 449 ; *W. T. Co.* v. *Scheu,* 19 id. 408 ; *U. S. Co.* v. *City of Buffalo,* 82 id. 351 ; *Phillips* v. *B. L. Co.,* 21 Atl. Rep. 640, 641 ; *Carpenter* v. *W. A. B. Co.,* 32 Fed. Rep. 434, 435 ; *Reifsnider* v. *A. I. P. Co.,* 45 id. 433 ; *Barrett* v. *C. & L. H. R. R. Co.,* 4 Hun, 114;

*Decker* v. *Gardner*, 124 N. Y. 334; Code Civ. Pro. §§ 1784, 1788, 2439; *Ferguson* v. *Crawford*, 70 N. Y. 253; *Colwell* v. *G. N. Bank*, 119 id. 408; *Morrow* v. *Freeman*, 61 id. 515, 518, 521; *Bullymore* v. *Cooper*, 64 id. 236; *Smith* v. *Reed*, 134 id. 568, 571; *Adams* v. *S. & W. R. R. Co.*, 10 id. 328; *Cole* v. *M. I. Co.*, 133 id. 164; *O'Brien* v. *McCann*, 58 id. 373; *Milbank* v. *Jones*, 141 id. 340.)

*E. C. Aiken* for respondent. The appellants attempted to attack the judgment of sequestration and order appointing the receiver collaterally, as without jurisdiction. This question has already been decided by this court adversely to the appellants. (*Hunting* v. *Blun*, 143 N. Y. 511; *Bangs* v. *Duckenfield*, 18 id. 592; *Fisher* v. *Hepburn*, 48 id. 53; *Whittlesey* v. *Frantz*, 74 id. 456; *A. Ins. Co.* v. *Barnard*, 96 id. 525; *Potter* v. *M. Bank*, 28 id. 641; *Moeschler* v. *Lochte*, 12 N. Y. S. R. 855; *Andrews* v. *Moller*, 37 Hun, 480.) The appellants contend that the plaintiff has not filed a bond as permanent receiver. We answer that the plaintiff qualified as temporary receiver and was empowered by the order appointing him such temporary receiver to maintain this action, and that it was not necessary to refile that bond or another. (Code Civ. Pro. § 1788; *Whiteside* v. *Pendergast*, 2 Barb. Ch. 471; *Morgan* v. *Potter*, 17 Hun, 403.) Plaintiff has a good cause of action and defendants are liable. (1 R. S. chap. 18, tit. 4, § 4; *Bank of Buffalo* v. *Thompson*, 121 N. Y. 280; *N. Bank* v. *Tarbox*, 38 Hun, 57; *Bradner* v. *Strong*, 89 N. Y. 299; *Palmer* v. *Scott*, 68 Ala. 380; *Sheldon* v. *Clifton*, 23 How. [U. S.] 172; *Throop* v. *H. Co.*, 125 N. Y. 530; *Knox* v. *Baldwin*, 80 id. 610.)

BARTLETT, J. This action is brought to set aside certain transfers made by the Rheubottom & Teall Manufacturing Company to the firm of F. S. M. Blun & Co., on the ground that defendant Blun was a stockholder of said corporation and that the transactions attacked were after the corporation had refused the payment of its notes or other evidences of

debt, and were, therefore, prohibited by statute. (1 R. S. 603, § 4; Banks & Bros. 8th edition, vol. 3, p. 1729.)

The plaintiff recovered at Special Term and the General Term affirmed the judgment.

A preliminary point is raised by the appellants to the effect that the judgment of the Supreme Court sequestrating the property of the Rheubottom & Teall Manufacturing Company and appointing the plaintiff receiver of its property is void.

This contention rests on the allegation that the Supreme Court suit is based upon a judgment recovered against the corporation in the City Court of Auburn, and that, as matter of fact, the latter court had no jurisdiction of the corporation, as it did not do business and was not located in the city of Auburn.

The defendant Ferdinand S. M. Blun was sued by Frank M. Hunting, as assignee of certain employees of this corporation, and in that action Blun sought to attack the validity of the judgment of the Supreme Court in the sequestration suit on the same ground as above stated.

This court held (*Hunting* v. *Blun*, 143 N. Y. 511) that the complaint in the sequestration action fairly alleged all that was needed to authorize the judgment of the court. Judge Finch says :

" It avers the recovery of a judgment against the corporation in the Auburn City Court, the docket of that judgment in the Cayuga county clerk's office, the issue of an execution and the return of the same unsatisfied.

" Those allegations presented a case over which the jurisdiction of the court was unquestionable.

" They were sufficient to invoke and require a judicial determination whether they were true or not and whether sequestration should follow. It may be that the court erred in regarding the City Court judgment as valid.

" That was a question of law for the court to decide, and its error, if it made one, was a judicial error to be corrected by an appeal."

Judge FINCH then goes on to point out that this court held in *Whittlesey* v. *Frantz* (74 N. Y. 457) that the judgment of sequestration could not be collaterally attacked for error in the proofs on which it rested.

In the case at bar the learned counsel for the defendants seeks to avoid the effect of our decision in the *Hunting* case by claiming that the attack here made upon the judgment of sequestration is not collateral and that the question of its validity is directly in issue.

We regard this view of the situation as unsound, this court having decided that the judgment of sequestration is valid until reversed on appeal.

When the receiver, appointed under this valid judgment, sues to recover the assets of the corporation and the defend ants seek to assail the judgment it is a collateral attack and one the law will not tolerate.

A further objection is made to the receiver's power to sue on the ground that he was, before judgment, appointed temporary receiver and as such duly executed his bond, but failed to furnish a new bond when by the judgment of the court he was continued as permanent receiver.

It is undoubtedly true, as a general rule, that a receiver before interfering with the assets must furnish his bond. In the case at bar no such question is presented.

The judgment recites that Thomas Jones, heretofore appointed the receiver of the corporation, is hereby continued as the permanent receiver.

The court is thus dealing with its own officer in charge of assets and with his bond on file.

If a further bond were deemed proper the court had ample power to direct it to be given.

Section 1788 of the Code of Civil Procedure provides that where a temporary receiver is continued by final judgment he is a permanent receiver and has the powers and authority and is subject to the duties and liabilities imposed upon a receiver appointed in proceedings for the voluntary dissolution of a corporation.

The appointment of a receiver in proceedings for the voluntary dissolution of a corporation is provided for by section 2429 of the Code of Civil Procedure, and the matter of the receiver's bond is regulated by the Revised Statutes (2 R. S. 468, § 66).

That section provides that the receiver shall give such security to the people of this state as the court shall direct.

When the court continues in office its receiver already in possession of the assets, with his bond duly executed and on the files, it is fair to assume that the security is deemed satisfactory if a further bond is not required.

In the case before us, the temporary receiver was authorized to sue by order of the court, and the final judgment re-affirmed the order.

We, therefore, hold the receiver entitled to sue, and that, while a further bond may be exacted in the discretion of the court appointing him, he is under no obligations to furnish additional security until required to do so.

This brings us to the merits of the controversy. Among a large number of facts found by the Special Term, the following are material to the case as presented on this appeal:

The Rheubottom & Teall Manufacturing Company was incorporated under the act of 1848, and the defendant Ferdinand S. M. Blun was a stockholder.

The plaintiff was appointed by the Supreme Court, in sequestration proceedings, the receiver of this corporation.

The defendants were co-partners doing business in the city of New York under the firm name, " F. S. M. Blun & Co." Blun was entitled to seventy per cent of the profits of his firm.

The defendant Sigmund Bendit was not a stockholder in the corporation, nor was the firm as such.

The corporation refused the payment of its notes or other evidences of debt on or about October 10th, 1890, and continued so to do until judgment was entered against it.

A corporation known as the American Clasp & Steel Company was indebted to the Rheubottom & Teall Manufacturing Company for goods sold. The defendant Blun was the treasurer of the American Clasp & Steel Company.

After the Rheubottom & Teall Manufacturing Company had refused the payment of its notes or other evidences of debt, it transferred to the defendants on several occasions money due to it from the American Clasp & Steel Company for the payment of its indebtedness to the defendants.

The receiver seeks to recover the money so received by the defendants on the ground that it is in violation of the statute. (1 R. S. 603, § 4; Banks' 8th ed. vol. 3, p. 1729.) The statute reads as follows:

"§ 4. Whenever any incorporated company shall have refused the payment of any of its notes, or other evidences of debt, in specie, or lawful money of the United States, it shall not be lawful for such company, or any of its officers, to assign or transfer any of the property or choses in action of such company, to any officer or stockholder of such company, directly or indirectly, for the payment of any debt; and it shall not be lawful to make any transfer or assignment in contemplation of insolvency of such company, to any person or persons whatever ; and every such transfer and assignment to such officer, stockholder or other person, or in trust for them or their benefit, shall be utterly void."

The learned trial court refused to find that these transfers were made in contemplation of insolvency under the latter part of the section quoted, but held it to be a transfer by the company to a stockholder for the payment of a debt. The question of whether the transfer was made in contemplation of insolvency, which the appellants' counsel has argued with much earnestness, is wholly immaterial as the case is now presented.

The court below has decided that the Rheubottom & Teall Manufacturing Company, after it had refused the payment of certain of its notes or other evidences of debt, transferred to defendant Blun, one of its stockholders, money of the company for the payment of a debt. This transfer the statute declares to be void whether made directly or indirectly to the stockholder or other person in trust for him or for his benefit.

The appellants insist that the statute has no application for

the reason that the money was paid by the corporation through the American Clasp & Steel Company to the defendants to pay debts due to the defendants' firm and that the firm and defendant Bendit are not stockholders.

It is found, as already stated, that defendant Blun, who is a stockholder, is interested to the extent of seventy per cent in the profits of the firm.

This defense cannot be maintained, as the payment of the money to the firm was indirectly for the benefit of Blun and void under the statute.

The object of the statute is clear. It is intended to protect the general creditors and prevent officers and stockholders of corporations, who happen to be creditors of the company, securing to themselves a preference after the company has refused the payment of its notes or other evidences of debt.

There is no such potency in the entity known as a co-partnership as to shield a stockholder of a corporation from the penalty denounced by this statute because he happens to be a member of a firm and thus allow him to secure to himself a preference of his claim against a corporation.

If his co-partner, who is not a stockholder, is injured by the enforcement of the statute, it may be a matter for adjustment between themselves, but offers no reason for suspending the operation of the statute.

If the contrary doctrine were to prevail it would result in the officers and stockholders of corporations securing to themselves indefinite preferences by forming partnership relations in which the interest in the firm profits of the partner not a stockholder would be only nominal.

The statute is carefully drawn, so as to prevent all indirect as well as direct assignments or transfers of property of a corporation to its officers or stockholders.

This court held, (*Knox* v. *Baldwin*, 80 N. Y. 610) that where a manufacturing corporation is indebted to a firm, one member of which is a trustee of the corporation, neither the members of the firm jointly, nor the other members to whom the trustee has transferred his interest, can maintain an action

against another trustee for failure to file the annual report, nor hold him as a stockholder until stock is paid up and certificate filed.

This was for the reason that the creditor trustee being equally with the other trustees charged with the duty of seeing to it that the annual report is made and the certificate of paid-up stock is filed, and so being chargeable with default, he cannot alone, or in connection with his associates, nor can his assignees, pursue a remedy which, if enforced, would enable him to profit by his own wrong or negligence.

So in the case at bar the defendant Blun cannot, being a stockholder of the Rheubottom & Teall Manufacturing Company, secure through his firm a preference in which he would enjoy a share of seventy per cent, which the statute would not permit to him individually.

It has been often pointed out that a partnership cannot properly be regarded as a legal entity separate and distinct from the several partners therein.

For certain purposes this fiction may be very properly indulged.

In keeping partnership accounts and in marshaling the assets of an insolvent or liquidating firm this is constantly done.

It cannot be invoked, however, to shield the individual partner, in a case like the one at bar, from the effect of a statute forbidding a preference, or to enable him to do as a partner that which the law prohibits him from doing as an individual.

The judgment appealed from should be affirmed, with costs.

All concur, except HAIGHT, J., not sitting.

Judgment affirmed.