In the Matter of the Accounting of FRIEND L. TUTTLE, as Surviving Executor and Trustee under the Will of RICHARD E. ALLEN, Deceased. FRIEND L. TUTTLE, Individually and as Surviving Executor and Trustee under the Will of RICHARD F. ALLEN, Deceased, Appellant-Respondent; CHARLES O. WOOLLEY et al., as Executors of EMILY A. WOOLLEY, Deceased Coexecutor and Cotrustee under the Will of RICHARD E. ALLEN, Deceased, et al., Respondents-Appellants. —In a proceeding for the judicial settlement of the final accounts of petitioner as surviving executor and surviving trustee, he appeals from so much of a decree of the Surrogate's Court, Nassau County, as sustains certain objections taken by objectants-respondents and surcharges petitioner thereon, denies his individual claim for legal services rendered to the decedent during his lifetime, denies commissions to petitioner as trustee, fails to provide for fees to him for legal services rendered to the trust estate, directs that he personally pay costs and disbursements to such respondents, and fails to provide for the payment of costs to him. The objectants-respondents cross-appeal from said decree insofar as it dismisses and disallows various of their objections to said accounts. Decree modified on the law and the facts so as to provide for (a) dismissal and disallowance of all objections except objection number 17 to the executor's account; (b) payment of costs below to all parties, payable out of the estate; (c) allowance of trustee's commissions to petitioner, and as so modified, unanimously affirmed, with costs in this court to all parties filing briefs, payable out of the estate, and proceedings remitted to the Surrogate's Court for computation of trustee's commissions and for the allowance to petitioner of a fair and reasonable fee for legal services rendered to the trust estate if proper application shall be made therefor, and for the entry of a decree in accordance with this decision. Petitioner, an attorney, and Emily A. Woolley, who was a cousin and foster sister of the decedent, were named as coexecutors and cotrustees in the will and duly qualified as such after decedent's death, which occurred on August 23, 1938. The executor's account covers the period from that date to December 31, 1943, and the trustee's account covers the period January 1, 1944 to March 15, 1950. Miss Woolley died on October 16, 1947, and practically all of the acts or omissions to which the objections relate occurred prior to her death. Although it is clear that petitioner assumed the more active management of the estate, which consisted principally of some twenty-one mortgages, the proof shows, in our opinion, that his cofiduciary was generally cognizant of estate matters through consultations with and statements rendered by petitioner, and actual participation in certain transactions. There is no claim of fraud, bad faith or self-dealing on the part of petitioner, nor is this a case in which one fiduciary collected and managed assets independently of the other, nor is there any claim of illegal or improper investment of assets. The objections

relate in the main to acts and omissions which were allegedly negligent, such as failure to institute and properly prosecute foreclosure actions with consequent failure to collect interest on mortgages and payment out of estate funds of taxes on properties covered by such mortgages. In our opinion, petitioner's cofiduciary, Miss Woolley, if living, would be estopped from objecting to the transactions objected to, by reason of her actual or implied participation therein or consent thereto as cofiduciary. (*Matter of Junkersfeld*, 244 App. Div. 260; *Croft* v. *Williams*, 88 N. Y. 384; *Wilmerding* v. *McKesson*, 103 N. Y. 329.) In addition, she was the sole income beneficiary of the trust with power to terminate it and become absolute owner of the corpus thereof, except for the amount required to pay certain legacies, which is not here involved, and if she did not terminate it, had a general and beneficial power of appointment which she ultimately did exercise by her will. She was also life tenant of the decedent's residence, with a similar power to terminate the life tenancy for her own benefit. As to the assets involved, therefore, she was not only sole income beneficiary, but virtually the owner thereof, and in our opinion may be considered to have consented to the transactions now objected to, in those capacities, and would be estopped thereby if living. One of the objectants is residuary legatee of Miss Woolley's own estate and also her appointee under the general and beneficial power of appointment mentioned above. In both capacities she stands in no better position than Miss Woolley and is thereby estopped from making objections to the same extent as Miss Woolley would have been. (See *Matter of Wildenburg*, 177 Misc. 49.) The other objectants are the executors under Miss Woolley's will and object only in that capacity. In our opinion, they are likewise estopped from objecting. (All objectants join in the two sets of objections, one to each account.) It is therefore our opinion that all of the objections relating to the management of the estate and trust must be dismissed and disallowed on the ground of estoppel of the objectants. This covers practically all of the thirty-three objections raised (the majority of which were dismissed and disallowed on the merits). Included are objections to the payment of executor's commissions and legal fees to petitioner for services rendered to the estate and collections by him of interest on a loan made to the estate, to which transactions it may be noted Miss Woolley specifically consented. One objection is as to the allowance to petitioner of any commissions as trustee and the Surrogate sustained the objection and denied such commissions. Since all objections to the trustee's account must be dismissed on the foregoing reasoning, and since in addition we do not believe that such commissions should in any event have been denied, said objection should be dismissed and such commissions allowed. Objection number 17 to the executor's account was, in our opinion, properly sustained. It relates to an individual claim by petitioner, as a creditor, for legal services rendered to the decedent during his lifetime. The Surrogate found that such services were not rendered with the expectation of charging a fee therefor and denied said claim. In our opinion, his finding is supported by the weight of the evidence. All objections save this one should be dismissed and disallowed. Under this view there exists no reason for the withholding of costs from petitioner or for the direction in the decree appealed from that he pay respondents' costs personally. Petitioner also purports to appeal from the decree insofar as it fails to award him a reasonable fee for legal services rendered to the trustees. It does not appear, however, that an application therefor has ever been made. In our opinion, upon a proper application such a fee should be fixed and allowed in the dis-

cretion of the Surrogate. Insofar as petitioner purports to appeal from certain intermediate orders and rulings of the Surrogate, such appeals are dismissed. The questions involved have become academic. Findings of fact inconsistent with the foregoing are reversed. Nolan, P. J., Carswell, MacCrate and Schmidt, JJ., concur; Johnston, J., not voting. Settle order on notice.