In the Matter of the Accounting of NATHANIEL J. GOULD et al., as Executors of LEO COHEN, Deceased, Appellants. RUTH COHEN et al., Infants Appearing by Their Special Guardian, SAUL KATZ, Respondents.— Appeal by the executors from so much of a decree of the Surrogate's Court, Westchester County, judicially settling their account, as provides they be surcharged (1) for $2,650, the difference between the fair value of a drugstore business, less brokerage, and the price for which the executors sold it, with interest, (2) for $3,523.98, the amount of a judgment for brokerage procured against the executors, with interest, and (3) for $957.52 counsel fees incurred by the executors as an incident of their defense in the brokerage action, with interest. Decree modified upon the law and the facts by deducting from the amount of the surcharge as to items 2 and 3 such portion thereof as respondent Ruth Cohen would have received and by providing that said respondent is estopped from asserting that she is entitled to such portion of such surcharge. As so modified, decree insofar as appealed from unanimously affirmed, without costs, and matter remitted to the Surrogate's Court for the making of a new decree in accordance with the views expressed herein. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. On July 23, 1953 appellant Powsner executed a contract for the sale of the drugstore business to a partnership for $18,750, and on July 29, 1953 he employed

a broker to make an appraisal of the fair value of the drugstore business. On the following day Powsner showed the broker an inventory appraisal of $19,000. On the same day, July 30, 1953, the broker wrote Powsner to the effect that the business should be sold for $8,000 above inventory. On July 31, 1953 Powsner telephoned the broker that if the broker could produce a purchaser at that price it was a "deal". In the meantime, and on July 27 or 28, respondent Ruth Cohen had retained an attorney, one Salonger, who communicated with Powsner. Salonger called the broker himself about getting someone to buy the store. On July 30 Salonger expressed himself vehemently in Powsner's office to the effect that the existent contract to sell was invalid. Thereafter Salonger served Powsner with notice of the intent of the broker to sue and of his client to exact damages if the executors consummated the existent contract. On the trial of the action for brokerage against the estate both Salonger and the respondent Ruth Cohen testified for the broker, and Salonger participated as if he were attorney for the broker. The insistence of respondent Ruth Cohen that the existent contract was invalid, and that a new purchaser for more money be procured, led to the employment of the broker. On the facts presented, respondent Ruth Cohen is estopped from sharing in the proceeds of the surcharge to the extent above set forth (*Matter of Allen*, 280 App. Div. 868, affd. 306 N. Y. 720; *Matter of Junkersfeld*, 244 App Div. 260). Present— Nolan, P. J., Wenzel, Beldock and Kleinfeld, JJ.; Murphy, J., deceased. [ 13 Misc 2d 694.]