John D. Bennett, S.
This is an accounting proceeding in which a hearing was held on October 19, 1962, limited to the objection by Alvan S. Hutchinson of the item in the account listed as “ Additional manager’s commissions paid in cash ”, in the amount of $9,385.65.
The accountant’s explanatory note of this item in substance is that the manager of the Lyric Theatre, which is in part an estate asset, retained cash over and above the commissions he was entitled to as compensation without authorization from the accountant.
The objectant is an individual owner of a one-quarter interest in the theatre and the life beneficiary of a fund comprising another one-quarter interest. The remaining one-half interest is individually owned by the objectant’s sister, who is also a coexecutor and cotrustee under the will.
The objectant’s position is that the executors have failed to exercise proper supervision over the conduct of the manager of the theatre, resulting in the shortage referred to. Mention is also made that the executors acted wrongly in delegating the *880 management of the theatre to another instead of actively managing it themselves.
The manager Sol Meyerson, now deceased, had managed the theatre for some time previous to the death of the decedent. Mr. Hall, one of the executors, testified that the objectant and his coexecutor both consented and agreed that Mr. Meyerson had done a good job for the family as manager of the theatre and that he should be continued as such manager. Certainly this consent to the delegation of authority to an agent to manage the theatre, whether proper or improper, prevents the objectant as a beneficiary from now taking the position that the delegation was improper (Bogart, Trusts and Trustees [2d ed.], § 555, P 65).
The argument that Mr. Meyerson’s activities were not properly supervised is also unwarranted by the facts. There is ample evidence that the objectant, all during the period in question, was an active participant in the management and control of the theatre and regardless of whether this action on his part was on behalf of his own individual interest or as a beneficiary of the trust, he is now estopped from complaining of any alleged irregularities in the transactions involved (Matter of Allen, 280 App. Div. 868, affd. 306 N. Y. 720; Matter of Cohen, 9 A D 2d 916; Matter of Junkersfeld, 244 App. Div. 260).
The objection is accordingly dismissed and the framed issues are answered Yes as to No. 1 and No as to No. 2.