■ KENNETH ZIMMERMAN, Appellant-Respondent, v JOSEPH POKART, as Executor of MURRAY LEVY, Deceased, Respondent-Appellant, and EMANUEL POKART et al., Respondents. [662 NYS2d 5] —Order, Supreme Court, New York County (Norman Ryp, J.), entered on or about December 14, 1995, which denied plaintiff's motion for summary judgment, granted the cross motions of defendant accountants and attorneys for summary judgment as against plaintiff, denied defendant coexecutor/trustee's motion for summary judgment dismissing the complaint as against him, denied defendant coexecutor/trustee summary judgment on his cross claims against the remaining defendants, dismissed the cross claims against defendant accountants without prejudice to renewal in an action for indemnification if a judgment were rendered in favor of plaintiff and dismissed the cross claims against defendant attorneys with prejudice, unanimously modified, on the law, to dismiss the complaint against the coexecutor/trustee defendant, to dismiss the cross claims against defendant accountants with prejudice, and, except as thus modified, affirmed, without costs or disbursements. The Clerk is directed to enter judgment in favor of defendant coexecutor/trustee dismissing the complaint as against said defendant.

We disagree with the IAS Court's conclusion that questions of fact as to whether the cotrustee's fiduciary duty was properly discharged preclude the grant of summary judgment in his favor dismissing the complaint. Plaintiff, a coexecutor of decedent's will and cotrustee of the testamentary trust, sues his coexecutor, also the trustee of an inter vivos trust of which plaintiff was a remainderman, and the estate's accountants and lawyers, for their failure to consider his eligibility for a Generation Skipping Transfer Tax (GST) exemption, causing the loss of the same and resultant $450,000 tax liability, roughly three times what plaintiff would have paid had he obtained the exemption. He seeks approximately $297,000 in damages. The will did not provide for the allocation of the exemption. It appears that neither plaintiff nor defendant coexecutor had any knowledge of the GST exemption with respect to plaintiff's inter vivos trust interest prior to the signing of the estate tax return, which allocated the GST exemption to a testamentary trust, also eligible for the exemption, and as to which plaintiff was a cotrustee. Although the will and inter

vivos trust were separate instruments, the trust assets were treated as taxable for the purpose of estate taxes. As trustee of the inter vivos trust, the coexecutor defendant did not have the power to allocate estate tax exemptions to said trust. The primary responsibility for paying estate taxes lies with the executor. (Tax Law § 249-z [repealed subsequent to the testator's death].) Under Internal Revenue Code (26 USC) § 2631 the allocation of a GST exemption may be made only by the executors. Thus, this defendant's dereliction, if any, arises out of his role, with plaintiff, as a coexecutor of the estate.

Cofiduciaries are, of course, regarded in law as one entity. If plaintiff's obligations as cofiduciary under the testamentary trust were in question, his protestations that he passively relied on the expertise of his cofiduciary would not allow him to escape liability (*see, e.g., Matter of Goldstick*, 177 AD2d 225, 238, *mod on rearg on other grounds* 183 AD2d 684, citing *Brown v Phelan*, 223 App Div 393). Where a fiduciary party has an obligation, he cannot prevail in a cause of action against cofiduciaries for breach of the same obligation (*see, Jones v Blun*, 145 NY 333, 340, citing *Knox v Baldwin*, 80 NY 610). Plaintiff had as much of an obligation as his cotrustee to familiarize himself with the GST exemption, based on information equally available to both. No greater burden can be imposed on the defendant cofiduciary, as argued. In that regard, plaintiff argues that, had he known of the GST exemption, he would have disqualified himself on conflict of interest grounds, leaving the coexecutor/trustee as the sole fiduciary responsible for the decision as to the application of the exemption. This argument does not advance his cause because it ignores the fact that the obligation to be informed as to the exemption was as much the responsibility of plaintiff as it was of the coexecutor/trustee.

Aside from being bound by his own actions as the estate's coexecutor at a time when, individually, he was represented by independent counsel, plaintiff ignores the one essential step that must have been taken before he could assert a legal right to the GST exemption. He would have had to prevail at a hearing to validate such a claim. The Surrogate's Court would have had to determine that plaintiff's non-testamentary interest in being awarded the exemption outweighed the interest of the testamentary trust's beneficiaries, all relatives of the decedent. On this record, we do not believe that plaintiff could have prevailed. The inter vivos trust of which plaintiff was a remainderman directs that on the issue of taxation of the trust, the corpus could be invaded by the trustee, who was directed

to "sell so many shares of Kenar as will be sufficient to pay the aforesaid taxes and any and all expenses in connection therewith." Such a provision supports the conclusion that the testator intended to protect his testamentary beneficiaries from a tax burden before turning over a gift of shares of stock to plaintiff, as the inter vivos trust remainderman. Thus, plaintiff, a non-beneficiary under the decedent's last will and testament, could hardly have been the intended recipient of the GST exemption.

The issue on plaintiff's claim against defendant trustee for alleged breach of fiduciary duty is whether or not defendant acted without conscientious fairness and morality (see, Aronson v Crane, 145 AD2d 455, 456), and judicial attention would focus on equitable considerations imposed, with particular concern for avoiding or correcting any abuse of the relationship that would result in unjust enrichment (see, e.g., McGrath v Hilding, 41 NY2d 625, 629). Although an allegation that a fiduciary breached his duty generally presents a question of fact (see, e.g., Bon Temps Agency v Greenfield, 212 AD2d 427, 428), the plaintiff herein could prevail only if, in spite of his own obligations as a fiduciary under the will and testamentary trust, in spite of his passivity in relying on the expertise of others, and in spite of his failure to demonstrate that a Surrogate's Court proceeding on the GST exemption would have terminated in his favor, he could show that defendant coexecutor/trustee's failure to seek the exemption amounted to a breach of duty. Plaintiff has failed to sustain his burden of opposing defendant coexecutor/trustee's motion with evidence that would bear on such a showing.

Plaintiff has also failed to show the functional equivalent of privity with the defendant professionals based on an exceptionally close relationship of trust that would have imparted a duty on the professionals' part (see, e.g., Solondz v Barash, 225 AD2d 996), and he has not shown continuous representation on the tax issue (cf., e.g., Smith Plumbing & Heating Co. v Christensen, 233 AD2d 207). Although defendant coexecutor/trustee's cross claims for indemnification against the other defendants are now academic, they were properly dismissed because of a failure to show that these defendants owed a duty to plaintiff independent of and coextensive to the duty owed plaintiff by the defendant coexecutor/trustee. (See, Service Sign Erectors Co. v Allied Outdoor Adv., 175 AD2d 761, 762-763, appeal dismissed 79 NY2d 823, lv denied 79 NY2d 754.) Although the defendant accountants did not seek summary judgment dismissing the cross claims against them, on a search of the

record, we grant it to said nonappealing parties (*see, Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430). We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach and Williams, JJ.