■ HENRY LANGAN et al., Respondents, v MALOLA CABELA et al., Appellants. (And a Third-Party Action.) [720 NYS2d 367] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated March 28, 2000, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Eden Orloff and granted the plaintiffs' cross motion for partial summary judgment for a purported declaration that the defendant Eden Orloff owed a duty to the plaintiffs.

Ordered that the appeal by the defendant Malola Cabela is dismissed, as that defendant is not aggrieved by the portions of the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Eden Orloff is granted, the cross motion is denied, and the complaint insofar as asserted against the defendant Eden Orloff is dismissed; and it is further,

Ordered that the defendant Eden Orloff is awarded one bill of costs.

The Supreme Court properly concluded that pursuant to a declaration of easement, both the plaintiffs and the defendant Eden Orloff were responsible for the maintenance of the com-

mon driveway where the plaintiff Henry Langan allegedly tripped and fell. The court erred, however, in denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Orloff. Since the plaintiffs and Orloff had the same duty to maintain the driveway, the plaintiffs cannot recover damages from her for breach of that duty (*see, Zimmerman v Pokart,* 242 AD2d 202). Bracken, Acting P. J., Altman, Goldstein and McGinity, JJ., concur.