■ In the Matter of the Estate of EDMUND J. McCORMICK, Deceased. SUZANNE V. McCORMICK, Appellant-Respondent; BANKERS TRUST COMPANY, Respondent-Appellant; HERMAN MARKOWITZ, Respondent. [757 NYS2d 785] —In an accounting proceeding pursuant to SCPA 2115, the objectant, Suzanne V. McCormick, appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Westchester County (Scarpino, S.), dated November 30, 2001, as denied her cross motion for summary judgment on her affirmative defenses and cross claims "barring Bankers Trust Company from raising any claim for contribution and indemnification" as to any action commenced by her, and granted those branches of the motion of Bankers Trust Company which were for summary judgment dismissing objections 3, 7 through 9, 11 through 13, and 15, and Bankers Trust Company cross-appeals, as limited by

its brief, from so much of the same order as denied those branches of its motion which were for summary judgment dismissing objections 1, 2, 4 through 6, 10, and 14.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

It is well settled that cofiduciaries are regarded as a single entity (*see Zimmerman v Pokart,* 242 AD2d 202 [1997]). Where, as here, a coexecutor such as Suzanne V. McCormick has the means of knowing her coexecutors' acts and has assented or acquiesced to them, she is bound by those acts (*see Matter of Niles,* 113 NY 547 [1889]; *Matter of Junkersfeld,* 244 App Div 260 [1935]). The Surrogate's Court properly granted those branches of the motion of Bankers Trust Company (hereinafter Bankers) which were for summary judgment dismissing objections 3, 7 through 9, 11 through 13, and 15, because in response to Bankers' demonstration that McCormick either participated in or assented to the actions about which she later complained, she failed to lay bare proof sufficient to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]).

There is nothing in the record to support McCormick's bald assertion that Bankers induced her by deceitful methods to enter into certain agreements and contracts. Rather, the record establishes that McCormick and Bankers were equal coexecutors in possession of the same information (*see Ferer & Sons Ltd. v Chase Manhattan Bank, Natl. Assn.,* 731 F2d 112 [1984]). Thus, the Surrogate's Court properly denied McCormick's cross motion for summary judgment on her affirmative defenses and cross claims.

The Surrogate's Court properly denied those branches of the motion by Bankers which were for summary judgment dismissing objections 1, 2, 4 through 6, 10, and 14 as there exist triable issues of fact (*see* CPLR 3212 [b]). Smith, J.P., Goldstein, Townes and Mastro, JJ., concur.