■ In the Matter of the Estate of IRMA A. BLOOMINGDALE, Deceased. MARVIN H. COHEN, Appellant, et al., Petitioner; PETER L. PREIS et al., Respondents. [853 NYS2d 92]—

In a proceeding to judicially settle the final account of the co-trustees of a trust, the petitioner Marvin H. Cohen appeals from stated portions of an order of the Surrogate's Court, Westchester County (Scarpino, S.), dated August 2, 2006, which, inter alia, denied that branch of his motion which was for summary judgment dismissing certain objections insofar as asserted against him relating to the diversification of investments.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the petitioner Martin H. Cohen which was for summary judgment dismissing so much of the objections as relate to the period from April 26, 2001 through December 31, 2003, insofar as asserted against him and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

In 1963 Irma A. Bloomingdale created an inter vivos trust for her daughter Elinor Preis. The respondents Peter Preis and Michael Preis (hereinafter the Preis brothers) are the sons of the late Elinor Preis and the remaindermen of her trust. The accounting at issue covers the period from October 1, 2000 through December 31, 2003. During the first portion of that period, from October 1, 2000 through April 26, 2001, the petitioners Joseph Bloomingdale and Marvin H. Cohen were cotrustees of the trust. On April 26, 2001 Bloomingdale resigned as cotrustee and the Preis brothers were appointed as cotrustees with Cohen.

Cohen and Bloomingdale completed a final accounting covering the period from October 1, 2000 through December 31, 2003, and commenced this proceeding for judicial settlement of their final account. As remaindermen, the Preis brothers filed objections to the accounting, objecting, inter alia, to the retention of high concentrations of certain stocks as a failure to diversify under EPTL 11-2.3 (the Prudent Investor Act). Bloomingdale and Cohen separately moved for summary judgment dismissing

most of the objections insofar as asserted against each of them. The Surrogate's Court granted Bloomingdale's motion, and denied that branch of Cohen's motion which was for summary judgment dismissing the objections against him related to the diversification requirement of the Prudent Investor Act. Cohen appeals and we modify.

Cofiduciaries are regarded in law as one entity. Where a fiduciary has the means to know of a cofiduciary's acts, and has assented or acquiesced in them, the fiduciary is bound by those acts and jointly liable for them (see Matter of Niles, 113 NY 547 [1889]; Matter of McCormick, 304 AD2d 759 [2003]). "Where a fiduciary party has an obligation, he [or she] cannot prevail in a cause of action against cofiduciaries for breach of the same obligation" (Zimmerman v Pokart, 242 AD2d 202, 203 [1997]). Equity will not permit a knowing cofiduciary to maintain a suit against another cofiduciary for a breach of their joint obligations (see Jones v Blun, 145 NY 333, 341 [1895]; Matter of Niles, 113 NY at 559; Zimmerman v Pokart, 242 AD2d 202 [1997]; Matter of Allen, 280 App Div 868 [1952], affd 306 NY 720 [1954]). The Preis brothers were aware of the high concentrations of stock upon becoming cotrustees on April 26, 2001. No fraud or deceit is alleged. Thus, Michael Preis, who testified that he had an MBA and a Ph.D. and was an assistant professor of marketing, and Peter Preis, who testified that he had a bachelor's degree in business administration with a major in finance, as cotrustees with Cohen, were obligated to familiarize themselves with the prudent investor rule and cannot maintain their objections against Cohen for the period during which they were cotrustees (see Jones v Blun, 145 NY at 341; Matter of Niles, 113 NY at 559; Zimmerman v Pokart, 242 AD2d at 203; Matter of Allen, 280 App Div at 869). Accordingly, the Surrogate's Court should have granted that branch of Cohen's motion which was for summary judgment dismissing so much of the objections asserted against him as related to the period from April 26, 2001 through December 31, 2003, when the Preis brothers were his cotrustees (see Jones v Blun, 145 NY at 341; Matter of Niles, 113 NY at 559; Zimmerman v Pokart, 242 AD2d 202 [1997]; Matter of Allen, 280 App Div 868 [1952], affd 306 NY 720 [1954]).

As to the portion of the accounting period preceding the Preis brothers' appointment as cotrustees, the Surrogate's Court properly held that Cohen failed to establish his entitlement to judgment as a matter of law dismissing the objections insofar as related to that period. Where a beneficiary had full knowledge of the facts and circumstances underlying the retention of

certain assets and ratified the same, the beneficiary is estopped from later objecting to the retention (*see Matter of Garvin,* 256 NY 518 [1931]; *Matter of Young,* 249 App Div 495 [1937], *affd* 274 NY 543 [1937]). However, the beneficiary must have been "fully apprised of the effect of the acts ratified, and of his or her legal rights in the matter" (*Matter of Ryan,* 291 NY 376, 417 [1943], quoting *Adair v Brimmer,* 74 NY 539, 554 [1878]). Furthermore, consent will not be presumed from mere silence (*see Matter of Frame,* 245 App Div 675 [1935]; 106 NY Jur 2d, Trusts § 419). Cohen's submissions on his motion failed to meet his initial burden of demonstrating that the Preis brothers consented to the challenged investments such that they should be estopped from objecting to them now. Accordingly, the Surrogate's Court properly denied that branch of Cohen's motion which was for summary judgment dismissing the objections insofar as asserted against him as related to the accounting period preceding the Preis Brothers' appointment as cotrustees.

Cohen's remaining contentions are without merit. Mastro, J.P., Santucci, Balkin and Dickerson, JJ., concur.