# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**610**

**CA 11-00035**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, AND LINDLEY, JJ.

---

IN THE MATTER OF THE JUDICIAL SETTLEMENT OF
THE INTERMEDIATE ACCOUNT OF W.A. READ KNOX,
SUCCESSOR TRUSTEE, AND JEAN R. KNOX AND HSBC
BANK USA, N.A., AS TRUSTEES OF THE TRUST UNDER
ARTICLE SEVENTH OF THE WILL OF SEYMOUR H.
KNOX, III, DECEASED, FOR THE BENEFIT OF
JEAN R. KNOX (MARITAL TRUST) FOR THE PERIOD
JUNE 3, 1996 TO NOVEMBER 3, 2005.

----------------------------------------------- MEMORANDUM AND ORDER

HSBC BANK USA, N.A., PETITIONER-APPELLANT;

JEAN R. KNOX, W.A. READ KNOX, SEYMOUR H.
KNOX, IV, AVERY KNOX AND HELEN KEILHOLTZ,
OBJECTANTS-RESPONDENTS.
(PROCEEDING NO. 2.)
(APPEAL NO. 5.)

---

HARRIS BEACH PLLC, BUFFALO (RICHARD T. SULLIVAN OF COUNSEL), AND BLAIR
& ROACH, TONAWANDA, FOR PETITIONER-APPELLANT.

DONALD G. MCGRATH, PLLC, WILLIAMSVILLE (DONALD G. MCGRATH OF COUNSEL),
AND DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP, BUFFALO, FOR OBJECTANTS-
RESPONDENTS.

---

Appeal from an order of the Surrogate's Court, Erie County
(Barbara Howe, S.), entered February 24, 2010. The order determined
that petitioner had been negligent and that petitioner is liable for
all damages occasioned by its negligence.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by vacating that part of the order
holding that petitioner is liable for all damages arising from the
investment of $200,000 in Efdex, Inc. and by denying the amended
objections pertaining to that investment only insofar as they are
asserted by objectants Jean R. Knox and W.A. Read Knox and as modified
the order is affirmed without costs, and the matter is remitted to
Surrogate's Court, Erie County, for further proceedings in accordance
with the following Memorandum: Petitioner, HSBC Bank USA, N.A.
(Bank), appeals from an order determining that the Bank, as cotrustee
of the testamentary trust at issue in this proceeding, was negligent
in purchasing stock in Efdex, Inc. (Efdex) and that the Bank is
"liable for all damages occasioned by its negligent conduct." The
trust was created in the last will and testament of Seymour H. Knox,
III (decedent) to provide income to his wife, objectant Jean R. Knox.

Upon the death of decedent's wife, the principal would be distributed equally among the remaining objectants.  The Bank, under its former name, was named as a corporate trustee, and decedent's wife and brother were named as individual trustees.  After decedent's brother died, decedent's son, W.A. Read Knox (objectant Read Knox), was substituted as a successor individual trustee.

In July 2006, the Bank petitioned to resign as trustee and to settle the "intermediate account of the proceedings of the Trustees." Attached to the petition was an interim accounting showing, inter alia, an August 2000 investment of $200,000 in Efdex, an Internet-based "trading platform and information network for the food and beverage industry."  It is undisputed that the investment was "worthless" by September 2001.  In their amended objections to the accounting, the five objectants contended that, by investing in Efdex, the Bank "failed to comply with the prudent investor standard as provided for in EPTL 11-2.3 (b)."

Following a trial on the objections, Surrogate's Court concluded that the Bank had violated the prudent investor standard by failing to comply with its own internal policies and procedures before investing in Efdex, a high-risk corporation.  The Surrogate determined, however, that the Bank was liable for all damages occasioned by the investment in Efdex on the ground that decedent's wife and objectant Read Knox were "unsophisticated in the investment area [and] relied on the expertise of the [Bank]."  The Surrogate did not address the amended objections insofar as they were also submitted by the remaining three objectants.

The Bank does not dispute that its portfolio manager failed to comply with the Bank's internal policies and procedures with respect to investing in high-risk initial public offerings.  The Bank contends, however, that the exclusionary clause found in article Twelfth, section J, of the will absolves it of liability.  We reject that contention.  That section states that, where there is a disagreement between the corporate trustee and the individual trustees, "the decision of the individual [t]rustees shall be final and [the] corporate [t]rustee shall have no liability for any action taken in accordance with the decision."  Here, however, there was no disagreement.

Contrary to the contention of the five objectants, we conclude that, pursuant to the cofiduciary liability rule (*see generally Zimmerman v Pokart*, 242 AD2d 202, 203), all cotrustees are jointly liable for any damages occasioned by the investment in Efdex.  The cofiduciary liability rule provides that "[c]ofiduciaries are . . . regarded in law as one entity . . . [and thus one cofiduciary] cannot prevail in a cause of action against [other] cofiduciaries for breach of the same obligation" (*id.*; *see Matter of Goldstick*, 177 AD2d 225, 238-239, *rearg granted on other grounds* 183 AD2d 684).

Although the five objectants are correct that "[a] trustee may delegate the exercise of a trust power to a fellow trustee, especially where the latter has an expertise in some particular aspect of the

trust management . . ., [such a delegation] does not give a trustee the right to abdicate his [or her] duty to be personally 'active in the administration of the trust' " (*Goldstick*, 177 AD2d at 238). "[T]rustees cannot be automatically relieved of their responsibility for properly managing a trust with the excuse that their roles were merely 'passive' in comparison to [those of] their more active cotrustee" (*id.*). The five objectants are also correct that there are exceptions to the cofiduciary liability rule where there is no evidence that the passive cofiduciaries knew of or participated in another cofiduciary's misfeasance or culpable misconduct (*see e.g. Matter of Witherill*, 37 AD3d 879, 881-882; *Goldstick*, 177 AD2d at 239).

Here, however, decedent's wife and objectant Read Knox were not passive with respect to the Bank's investment in Efdex and were not ignorant of that investment. It is clear from the record that objectant Read Knox actually "directed" the Bank to make that investment. In such circumstances, "[e]quity will not permit a knowing cofiduciary to maintain a suit against another cofiduciary for a breach of their joint obligations" (*Matter of Bloomingdale*, 48 AD3d 559, 561; *see Matter of McCormick*, 304 AD2d 759, 760, *lv dismissed* 3 NY3d 656, 733; *see generally Matter of Niles*, 113 NY 547, 557-559, *rearg denied* 21 NE 1118).

We reject the Surrogate's determination that neither decedent's wife nor objectant Read Knox was sophisticated in the "investment area." Although decedent's wife "had no formal training in regard to investments, . . . the evidence revealed that she was far from a passive trustee" (*Matter of Farley*, 186 Misc 2d 355, 357). She was a trustee in several trusts and brought the idea of investing in Efdex to the attention of the Bank's portfolio manager. The Surrogate described objectant Read Knox as having had "a varied career, with positions primarily in financial lending and real estate mortgage companies." In our view, such a description is a gross mischaracterization of his investment and financial acumen as established by his deposition testimony, which was received in evidence at trial. After graduating from Yale University, objectant Read Knox was a mortgage loan officer and was involved in the mortgage business "on and off for the last 20 years." He once owned "a large mortgage company," known as Knox Financial Group, and he had postgraduate experience in "financial businesses" and "in the banking business." In addition, objectant Read Knox participated in a special training program at Safe Deposit and Trust Company, which he described as "the largest trust department south of Philadelphia." During his training, he "went through every department of the trust department." Of particular note, he served as "a stockbroker for Legg Mason for a couple of years" and was involved in several "private ventures." We thus cannot agree with the Surrogate that decedent's wife and objectant Read Knox had "no special investment skills." Rather, we conclude that they were much like the skilled and knowledgeable cotrustees in *Bloomingdale* (48 AD3d at 561; *see also Matter of Hyde*, 44 AD3d 1195, 1198, *lv denied* 9 NY3d 1027; *Witherill*, 37 AD3d at 880).

In sum, we conclude that equity cannot permit decedent's wife,

the cotrustee who served as the driving force behind the investment, and objectant Read Knox, a highly skilled cotrustee, to recover damages from the Bank, their cofiduciary, arising from the investment in Efdex.  We therefore modify the order by dismissing the amended objections insofar as they are asserted by decedent's wife and objectant Read Knox, and we remit the matter to the Surrogate for further proceedings on the petition and the amended objections insofar as they are asserted by the remaining three objectants.

Entered:  June 19, 2012                    Frances E. Cafarell
                                           Clerk of the Court