In the Matter of the Accounting of SIDNEY T. CLARK, as Sole Surviving Executor of ARTHUR S. BARTLETT, Deceased, and as Sole Executor of KATE M. BARTLETT, Deceased Executrix of ARTHUR S. BARTLETT, Deceased.

RICHARD H. DE WITT, Appellant; SIDNEY T. CLARK, Individually and as Executor of ARTHUR S. BARTLETT, Deceased, et al., Respondents.

Third Department, July 7, 1948.

*Deyo, Turner & Normile,* attorneys (*C. W. Turner* of counsel), for appellant.

*Hinman, Howard & Kattell,* attorneys (*Edward L. Tirrell, Jr.,* of counsel), for Sidney T. Clark, individually and as executor of Emily B. Clark, deceased, respondent.

*Robert E. Fischer,* special guardian and attorney for infant Richard H. De Witt, Jr., and others, respondents.

*Frank M. Hays* for Sidney T. Clark, as executor of Kate M. Bartlett, deceased, respondent.

*William H. Holmes* for Arthur B. Mapledoram, respondent.

HILL, P. J. It has been decided by the Surrogate's Court of Broome County that Arthur S. Bartlett died intestate as to

one half of the estate remaining at the time of his widow's death. The portion of his will involved reads: " In case I shall have no child or children living at the time of the death of my wife, I give, devise and bequeath one-half of all my property and estate to the children of my sister Laura Bartlett Smith, living at the time of the death of my wife, to be divided between them in equal portions, share and share alike, and the other one-half of my property and estate to the children of my sister Emma Bartlett Clark living at the time of the death of my wife, to be divided between them in equal portions, share and share alike." (The correct name of the sister was " Emily " although mentioned in the will as " Emma ".)

The widow of testator, Kate M. Bartlett, died November 13, 1946; no child or children survived the testator. His sister Laura Bartlett Smith died October 7, 1921, survived by her only child Emily Bartlett De Witt, who died February 14, 1941, leaving a son Richard H. De Witt and a grandson Richard H. De Witt, Jr. The testator's sister " Emma " (Emily) Bartlett Clark died August 2, 1926, leaving a son Sidney T. Clark who survives.

From the foregoing it will be seen that testator's sister Laura Bartlett Smith left no children surviving at the time of the death of testator's wife in 1946, as the only child Emily B. De Witt had died February 14, 1941.

As testator had no child or children living at the time of the death of his widow, one half of his property and estate was given as above provided to Sidney T. Clark, the only child of his sister Emma (Emily) Bartlett Clark. The will devised and bequeathed the other one-half to the children of Laura Bartlett Smith living at the time of the death of testator's widow. No children of Mrs. Smith were then living, but only a grandchild and a great grandchild. That portion of the will seems to have lapsed, the testator dying intestate as to the portion of his estate mentioned therein.

*Matter of Buechner* (226 N. Y. 440) deals with a comparable will. The opinion states (p. 442): " The will directs the trustee to divide the estate upon the death of the brother into as many shares as there shall be children of that brother ' living.' The decree directs him to divide it into as many shares as there are children living and dead. The two directions cannot stand together. (*Marsh* v. *Consumers Park Brewing Co.*, 220 N. Y. 205, 212; *Mullarky* v. *Sullivan*, 136 N. Y. 227; *Low* v. *Harmony*,

72 N. Y. 408). The mandate of the will is nullified by the mandate of the decree.''

These gifts were not made to a class but to certain specified persons who should survive testator's widow. (*Matter of Gillespie,* 233 N. Y. 383, 386.) The language is clear and definite and the ascertainment and enforcement of the intent of the testator thereunder prevails over all other canons of construction. (*Matter of Clark,* 280 N. Y. 155, 160.) When the language chosen by the testator defines his intent, a court may not approve a different plan by resorting to the rule that it is to be presumed that he did not intend to die intestate. (*Matter of Disney,* 190 N. Y. 128; *Matter of Tamargo,* 220 N. Y. 225; *Matter of Maybaum,* 296 N. Y. 201.)

The determination of the Surrogate should be affirmed, with disbursements to each party filing a brief, and one bill of costs on appeal to each successful party who appeared and argued.

HEFFERNAN, BREWSTER, RUSSELL and DEYO, JJ., concur.

Determination of the Surrogate affirmed, with disbursements to each party filing a brief, and one bill of costs on appeal to each successful party who appeared and argued. [See *post,* p. 856.]