Maximilian Moss, S.
Petitioners seek a determination as to the authority of the trustees to invade principal of the trust created by testator under paragraph "Fourth” of his last will and testament. A determination is also sought with respect to the proper allocation of certain moneys received subsequent to testator’s death.
With respect to the latter question, the testator was engaged in the practice of 'law as a member of a law firm. At the time *980 of his death there were a number of cases pending and undetermined wherein testator’s law firm was retained on a contingent fee basis. One of said cases was completed several months after testator’s death, resulting in a substantial fee. Petitioners contend that testator did not intend to include his share of contingent fees which his law firm might receive subsequent to his death as part of his gross estate and that such moneys constitute income.
After directing the payment of just debts and several general legacies, by paragraph “ Fourth ” of his will testator provides, as follows: “ All the rest, residue and remainder of my property and estate, as well real as personal * * * I give, devise and bequeath * * * in trust * * * to pay the net income thereof * * * to the use of my said wife and said daughter to be apportioned between them as my wife and daughter deem proper, or, in the event of difference of view between them, as my said trustees shall deem proper. * * * my said trustees shall have the power and right to apply any part of the principal that they may deem proper for the suitable support and maintenance of either my wife or my daughter or both, or for the purpose of making any provisions that my said trustees shall deem proper for the benefit of both or either * * * regardless of the extent to which principal may therebv be used for any such purposes.” Other provisions contained in said paragraph “ Fourth ” of the will are not material at this time.
The testator’s intention, gathered from the will as a whole, governs (Matter of Evans, 234 N. Y. 42; Matter of Schliemann, 259 N. Y. 497). Where the meaning of the words used is clear, general rules of construction are not applicable (Matter of Bisconti, 306 N. Y. 442; Matter of Bartlett, 274 App. Div. 136, motion for leave to appeal denied 274 App. Div. 856). Since testator was a lawyer he is deemed to have been skilled in the preparation of a will. The presumptions flowing from that fact must be observed (Matter of Leonard, 143 Misc. 172; Matter of Barrett, 141 Misc. 637; Matter of Krooss, 302 N. Y. 424, 428).
The testator’s use of the words “ all my property and estate, as well as real as personal ” indicates a definite intention to include property of every description as part of his trust corpus without reservation. The word “ property ” embraces every species of value, right, interests, claim or chose in action, The "word “ estate ” (from the Latin status) signifies the condition or circumstances in which the owner stands with reference to his property (Bouvier’s Law Dictionary). Subdivisions *981 8 and 9 of section 202 of the Surrogate’s Court Act provide, in part: ‘ ‘ What shall be deemed assets. * * * accounts, money * * * things in action, * * * and every other species of personal property not hereinafter excepted.” Under the wording of the will, it follows that testator’s share of the moneys received and to be received on account of contingent fee retainers forms part of testator’s gross estate.
There remains the question whether such contingent fees are income payable to the life beneficiaries of the trust. The Uniform Principal and Income Act (Prentice-Hall Wills, Estates and Trusts Services, Yol. 2, § 3945) (which has been adopted by the Legislatures of most States) contains among its definitions of terms, the following: Section 1. Definition of Terms — ‘ ‘ Principal ’ ’ as used in this act means realty or personalty which has been set aside. “ Income ” as used in this act means the return derived from principal. Income, therefore, is that part of the proceeds thereof which is earned upon principal (“ personalty or realty”) that has been set aside to produce such income. Obviously, personal services do not constitute personalty or realty that can be set aside so as to form the principal of a trust. However, this does not mean that the moneys received in payment for such services may not constitute the principal of a trust. Such moneys when received constitute part of testator’s gross estate and as part of its assets may be set aside as the principal of the trust to produce income.
In Matter of Pennock (285 N. Y. 475) the court had before it for determination whether commissions which were contingent upon the payment of premiums by various assured persons to testator’s insurance company constituted income or principal. The court at page 481 said:
‘“He had a property right that had value, but contained also an element of risk, and unless he turned it into money it remained contingent. The act taxes money, or its equivalent, or its representative, and a contingent right such as this is not “ income ” in the sense used by the act.’ (Woods v. Lewellyn, 252 Fed. Rep. 106,108. See, also, Parker v. Routzahn, 56 Fed. Rep. [2d] 730.) * * * These are clearly capital assets which throw off no income. As each renewal premium is paid there is created a debt by the particular insurance company to the estate. The receipts of money by the estate are the payment of those debts. * * * The payments are of principal.
“ This conclusion does not dispose of the question of apportionment, however, of those payments between principal and income. Apportionment is of very great importance to the life *982 tenant since it is possible, under the testator’s agreément with the insurance companies, that some of the payments of principal may not fall into possession for nearly fifteen years.”
The court notes that as to some of the retainers the payments of such principal to the estate may be delayed. Such a delay may deprive the beneficiaries of the income that would be earned on the principal if it were now part of the trust. Therefore the court holds that as each fee is received pursuant to said contingent fee retainers, there shall be an apportionment therefrom of capital and income as of the date of testator’s death. The payment of income thereon shall be in accordance with the average rate earned upon legal investments, which in the absence of proof the court deems to be 3%. (Matter of Bishop, 79 N. Y. S. 2d, 220, 225; Matter of Rowland, 273 N. Y. 100, 110; Matter of Elsner, 210 App. Div. 575, 580; Matter of Becher, 204 Misc. 523, 532; Matter of Clarke, 166 Misc. 807; Matter of Hovelaque, 176 Misc. 869.)
A determination is also sought as to whether the trustees have discretionary power to invade principal in such amounts as they deem proper, not only for the suitable maintenance of the widow and daughter, but also for the purpose of enabling the widow and daughter to purchase homes or co-operative apartments for themselves and for the furnishing thereof.
The trustees have broad powers under the provisions of paragraph 1 ‘ Fourth ’ ’ of the will to invade the principal of the trust for the ‘ ‘ suitable support and maintenance ’ ’ of either testator’s wife or daughter or both, “ or for the purpose of making any provisions that my said trustees shall deem proper for the benefit of both or either * * * regardless of the extent to which principal may thereby be used for any such purposes ”. In the absence of any evidence that the trustees have abused their discretionary powers the court may not substitute its judgment for that of the trustees (Matter of Hilton, 174 App. Div. 193; Matter of Akin, 145 N. Y. S. 1105). The trustees have the duty to take into consideration the station in life and custom and the manner in which the beneficiaries of the trust were accustomed to live during testator’s lifetime. The court will not in advance pass upon or advise the trustees as to whether they may invade the principal of the trust to purchase co-operative apartments, or house, and furnishings thereof for the wife and daughter of testator (Matter of Falsey, 56 N. Y. S. 2d 556, 562; Holden v. Strong, 116 N. Y. 471-475; Rezzemini v. Brooks, 236 N. Y. 184, 192; Matter of Clark, 280 N. Y. 155, 161). Settle decree on notice.