Laurence D. Wood, S.
This is a proceeding for judicial settlement of the final account of the Lincoln National Bank and Trust Company of Central New York as executor of the last will and testament of Charlotte C. Bruce and for the construction of article Fourth of said last will and testament in order to determine the proper disposition of the remaining assets of the estate of said Charlotte C. Bruce who died a resident of Onondaga County, New York, on February 25, 1958. Her last will and testament which was dated April 19, 1951 was duly admitted to probate by this court under date of March 13, 1958. Article Fourth of the said will reads as follows:
“ All the rest, residue and remainder of my estate, both real and personal, of whatsoever nature and wheresoever situate, of which I shall be seized or possessed, or to which I shall be entitled in any way at the time of my death. I give, devise and bequeath to my sister, susan b. kelley, of Syracuse, New York, to have and to hold the same during the term of her natural life; and I direct that she shall not be required to give any bond or other security for the safekeeping thereof, and that she shall have full power to retain any such property so long as she may deem it advisable, to sell or otherwise dispose of the same, either at public or private sale, at such times and upon such terms and conditions as to credit and all other matters as to her may seem advisable, and to invest and reinvest any cash at any time in her hands in such securities as she may in her absolute discretion select, without being limited to the class of securities in which trustees are authorized by law to invest; and I further direct that she shall have the right at any time and from time to time in her absolute discretion to use any part or all of the principal of such funds for her own use, welfare, support and maintenance. In exercising her discretion my said sister, susan b. kelley, shall consider her own capital resources and I direct that she shall not use any of the principal of this fund until her own resources are exhausted.
“ Upon the death of my said sister, susan b. kelley, or upon my death, if she shall predecease me, I give, devise and bequeath my said residuary estate in equal shares to my brother, john conlin, of Beverly Hills, California, and my sister, clara kelsey, of 178 Alameda Street, Rochester, New York, or if but one of them shall be then living, the whole thereof to such survivor.”
*1037 The testatrix, Charlotte C. Bruce, left no husband her surviving and there were no children of her marriage. On the date of drawing her will, namely: April 19,1951, her only distributees were her brother, John Conlin, and her two sisters, Clara Kelsey and Susan Kelley. However, by the date of death of Charlotte C. Bruce, her brother, John Conlin, had predeceased her leaving no spouse or issue surviving who could claim his share by representation under section 29 of the Decedent Estate Law. Therefore, any interest whatever the said John Conlin or his estate would have had in this estate lapsed upon his death, leaving the sister, Clara Kelsey, as sole named remainderman and residuary legatee under this will on the date of death of the testatrix, Charlotte C. Bruce.
Clara Kelsey died April 20,1961j leaving a last will and testament which was admitted to probate November 27, 1962, and letters testamentary thereunder were issued to Charlotte Kelsey Dean by Surrogate’s Court of Monroe County. Susan Kelley, the life tenant of the residue of the estate of Charlotte C. Bruce died November 15, 1961, thus having outlived the testatrix, Charlotte C. Bruce, and both of the remaindermen residuary legatees named in her will. Susan B. Kelley’s will was admitted to probate by this court February 2, 1962, and letters testamentary were duly issued thereunder to Walter L. Plume.
The main question before us is whether the remainder interest of Clara Kelsey vested in her absolutely on the death of the testatrix, Charlotte C. Bruce, or was its vesting contingent on her survival of the life tenant, Susan Kelley or vested subject to divestment in the event she should predecease the life tenant.
It is also argued on behalf of the infants, John and Charles Dean, that on the death of Clara Kelsey, the remainder vested in the life tenant, Susan Kelley, as sole surviving heir of Charlotte C. Bruce and, therefore, should be distributed pursuant to Susan Kelley’s will.
The language of this will is clear in naming only John Conlin and Clara Kelsey as remaindermen on the termination of the life estate left to Susan Kelley. It contains no provision and we cannot find any testamentary intent to make Susan Kelley or her estate a remainderman or residuary legatee in the event that the named remaindermen should have both predeceased her as happened here. Although a discretionary power of invasion of principal was given to the life tenant, this was subject to the direction and limitation that it should not be used until Susan Kelley’s own resources were exhausted. No such contention has been made and on the contrary, the proceedings for the probate of the will of Susan Kelley show that her own resources *1038 were not exhausted at the time of her death. If we find that the remainder interest of Clara Kelsey vested in her absolutely on the death of testatrix, Charlotte C. Bruce, and did not require that she survive the life tenant for such absolute vesting, then the entire residuary estate now in the hands of the executor herein would pass to the executor under the will of Clara Kelsey for distribution in accordance therewith.
If we find that the remainder interest of Clara Kelsey was contingent on her survival of the life tenant or was subject to divestment in the event she predeceased the life tenant, this would result in the residue of the estate of Charlotte C. Bruce passing under the laws of intestacy.
This court is well aware of the principle that the law does not favor intestacy if by any reasonable construction it can be avoided. However, we also know that we cannot rewrite or add to the provisions expressed in a will in order to avoid intestacy. (Matter of Bartlett, 274 App. Div. 136; Matter of Gautier, 3 N Y 2d 502.)
The authorities on this question of vesting talk of ‘1 language of survival”. In the will before us, we hold that the words “ then living ” which appear six words before the end of article Fourth therein, are such language of survival. In the will before us for construction, the bequests to the brother, John Conlin and Clara Kelsey followed a life estate given to the sister, Susan Kelley. The presence of the life estate cause the language of survival which here are the words ‘ ‘ then living ’ ’ to refer to the time of death of the life tenant and not the time of death of the testatrix. (Matter of Larkin, 9 N Y 2d 88; Matter of Steinhardt, 305 N. Y. 619; Matter of Barnes, 2 N Y 2d 787; Matter of Gulbenkian, 9 N Y 2d 363; Matter of Weiland, 1 N Y 2d 907; Matter of Gautier, supra.)
The remainder interests provided for in this will having failed, the residuary clause as contained in the second paragraph of article Fourth of the will also fails and the residue of the estate will pass by intestacy to the distributees of the testatrix, Charlotte C. Bruce. In determining the intestate succession, the date of death of the testatrix controls. (Clark v. Cammann, 160 N. Y. 315, 328-329; Matter of Bartlett, 76 N. Y. S. 2d 247, affd. 274 App. Div. 136, supra; Matter of Notman, 116 N. Y. S. 2d 733; Matter of Astor, 5 Misc 2d 722, 730.)
The distributees of Charlotte C. Bruce living at the time of her death were her sisters, Clara Kelsey and Susan B. Kelley. The fact that Susan B. Kelley was the life tenant does not exclude her as a next of kin at the time of testatrix’ death. (Doane v. Mercantile Trust Co., 160 N. Y, 494,499.)
*1039 Therefore, the assets of Charlotte C. Bruce’s estate now remaining in the hands of the executor thereof, shall be distributed and paid over in equal shares to the estates of Clara Kelsey and Susan B. Kelley to pass by their wills to their personal representatives for distribution thereunder.