OPINION OF THE COURT
C. Raymond Radigan, J.
This is a construction proceeding commenced by the surviving spouse for a determination regarding the possession and use of personal property held in trust.
The decedent’s will dated June 21, 1985 and codicil dated July 25, 1985 were admitted to probate on June 30, 1987. Article III of the will bequeaths the entire residuary estate to the trustees of the Arthur Sackler Revocable Trust Indenture (consisting of an instrument dated June 21, 1985 and amendment dated July 25, 1985). Following Arthur Sackler’s death the income is to be paid to the surviving spouse from substantially all of the trust principal reduced by a sum approximating an exemption equivalent of the unified credit which amount is to be paid to the decedent’s children outright. At the spouse’s death all "art and antiquities” pass to the Arthur Sackler Foundation and the AMS Foundation for the Arts and Sciences and Humanities. The balance passes to eight charitable lead trusts for the benefit of the decedent’s children and their issue.
The trustees nominated in the indenture are the decedent’s first wife, Else Sackler, his four children (the children of the decedent’s first two marriages), Gillian Sackler, his third wife (petitioner), and the decedent’s attorney. Two of the children declined to serve as trustees. Five trustees qualified. Article VII of the trust requires the approval of two thirds of the trustees as to "any matter affecting the trust.”
This is one of numerous proceedings in which the children and former wife are aligned against the surviving spouse. In a prior proceeding, the children unsuccessfully challenged the validity of the trust (145 Mise 2d 950).
Gillian Sackler commenced this proceeding to determine her right to possession of works of art held in trust. The cotrustees (hereinafter trustees) oppose her interpretation of the trust.
Article III of the trust provides:
*736 "the marital trust: The Trustees shall administer, invest and reinvest, and dispose of Share #1, denoted the Marital Trust, as follows:
"(1) net income: The Trustees shall pay the net income therefrom to the Grantor’s spouse, Gillian Tully Sackler, during her lifetime, at least annually or in more frequent, convenient installments. Upon the death of Gillian Tully Sackler, any accrued but undistributed income as of the date of her death shall be distributed to her estate.
"(2) power of invasion: The Independent Trustee shall distribute to or for the benefit of the Grantor’s spouse, Gillian Tully Sackler, from time to time, so much of the principal of the Marital Trust as the Independent Trustee shall determine in his absolute discretion.
"(3) non-income producing property: The Grantor’s spouse, Gillian Tully Sackler, shall have the power, at any time or from time to time, to compel the Trustees of the Marital Trust to forthwith convert any non-income producing property (other than her residence) at any time held in such trust to income producing property by delivering to the Trustees written direction to that effect.
"(4) death of spouse, Gillian tully sackler: Upon the death of the Grantor’s spouse, Gillian Tully Sackler, the Trustees shall pay to her estate, or pay directly, from the principal of the Marital Trust an amount equal to the increment of any inheritance, estate, transfer, succession or death taxes or duties (including interest and penalties relating thereto) attributable to the inclusion of the Marital Trust property in her gross estate. The Trustees shall then divide, in their discretion, the arts and antiquities into two (2) separate and equal shares. One share shall be distributed to the Arthur M. Sackler Foundation and the other shall be distributed to the AMS Foundation for the Arts, Sciences and the Humanities. The aforementioned Foundations shall dispose of said arts and antiquities pursuant to written instruction of the Grantor deposited with the Foundation during his life, or if there be none, each Foundation shall dispose of its share of said arts and antiquities, in its sole discretion. The entire remaining principal, if any, of the Marital Trust as then constituted shall be disposed of in accordance with the provisions of Article V (A) below.”
The property held in trust includes the decedent’s residence in Roslyn, New York, cash, securities, stock in closely held *737 corporations and the decedent’s art collection. Among the items in the collection are furniture, sculpture and paintings which were displayed in the marital home. However, these articles are only a small part of the artwork held in trust. The trust contains a vast collection estimated at over 20,000 items including Chinese bronzes, Chinese ceramics, Southeast Asian sculpture and pre-Columbian art.
There is no disagreement between the parties as to the spouse’s power to require the trustees to sell any unproductive property held in trust. Section 2056 of the Internal Revenue Code (26 USC) requires that the spouse have the power to convert unproductive property into income producing property (26 CFR 20.2056 [b]-5 [f]) and the trust provides for same. The dispute concerns the use and possession of such items.
The petitioner represents that she has no immediate plans to request a sale. She would like to display some of the items in the Roslyn home and her apartment and, in addition, arrange for loans to museums for exhibition. The petitioner alleges that she requested the use of a 16th century bed and six pieces of Chinese furniture and her request was denied by the trustees. She claims the right to possession of any of the items held in the marital trust "subject to appropriate measures for [their] protection and preservation.”
The petitioner contends that (1) it is implicit in the power to direct the sale of trust assets that the beneficiary have the right to possession, (2) the items in question must be possessed to be enjoyed, (3) a trust which deprives the spouse of possession would violate section 2056 and deprive the estate of the marital deduction, a result not intended by the decedent.
The trustees contend that they are entitled to possession as a matter of law. Alternatively, they argue that the trustees are required to maintain possession of the property in order to comply with a provision in the trust authorizing the trustees to "maintain, improve and develop” the trust property. Further, they assert that the requirements of section 2056 are satisfied by providing the spouse with the power to demand a sale of nonincome producing assets.
Else Sackler and the Arthur M. Sackler Foundation have filed answers opposing the petitioner’s position. The guardian ad litem for infant beneficiaries (who have a beneficial interest in the proceeds of a sale of the artwork which would otherwise pass to the charitable trusts) agrees with the petitioner that she is entitled to present enjoyment of the property.
*738 In addition to the question of possession, there is a dispute as to whether the spouse or trustees have the power to loan parts of the collection for exhibition. Neither the spouse, trustees nor the guardian ad litem asserts that any items should be sold at this time.
Contrary to the position taken by the trustees, possession by a trustee is not a necessary incident of a trust. The essential elements of a trust are (1) a designated beneficiary, (2) a fund or other property sufficiently designated or identified to enable title thereto to pass to the trustee, (3) the actual delivery of the fund or other property, and (4) a designated trustee (Brown v Spohr, 180 NY 201).
It is the trust instrument which defines the trustee’s powers (Colorado & S. Ry. Co. v Blair, 214 NY 497; 3 Pomeroy, Equity Jurisprudence § 1062 [3d ed]). A trustee has those powers which are expressly conferred and by implication, those incidental powers necessary to exercise the same (Colorado & S. Ry. Co. v Blair, supra). A determination as to whether the trustees are authorized to retain possession requires a construction of the instrument.
The object of a construction proceeding is to ascertain the intention of the testator or settlor (Matter of Larkin, 9 NY2d 88). When possible, intention should be determined from the four corners of the instrument and the surrounding circumstances not in dispute (Matter of Scott, 8 NY2d 419). The parties are in agreement as to most of the relevant circumstances. The major area of controversy is the extent of the participation by the spouse and the children, respectively, in assisting the decedent in his philanthropic endeavors. A resolution of this issue is not necessary on this construction and a hearing therefore is not required.
In a construction proceeding consideration should be given to the nature of the trust property and its relative importance compared to the other assets in the estate (Matter of Pennock, 285 NY 475). The artwork comprises a substantial part of the decedent’s estate. The parties are in agreement that the decedent was committed to the public display of his collection. Parts of his collection were displayed in museums and universities throughout the United States and foreign cities including London, Jerusalem, Dublin, and Edinburgh. The Smithsonian Institution received a collection of Chinese art from the decedent estimated by the petitioner to have a value of $100 million.
*739 The trust instrument specifically provides for the division of "art and antiquities” between two foundations. It is manifest from the instrument itself and the parties agree, that the decedent anticipated the spouse might elect not to direct a sale.
Where unproductive property is placed in trust, a trustee ordinarily has the duty to convert the property to income producing property and the duty to produce income is owing to the income beneficiary, not the remaindermen (Restatement [Second] of Trusts § 240). However, when the trust is comprised of chattels, the settlor may have intended and thereby authorized the income beneficiary to enjoy the property in specie (1 Perry, Trusts & Trustees § 448 [7th ed]; see, Restatement [Second] of Trusts § 181, comment b). The settlor may permit the beneficiary to enjoy the trust property directly under the supervision of the trustee (Bogert, Trusts & Trustees § 181 [2d rev ed]).
As to the artwork, the trustees are relieved of the duty to produce income unless directed to do so by the income beneficiary. If the income beneficiary does not direct a sale, she will have no enjoyment of the property without being given possession thereof.
The trustees argue that, had the decedent intended to give the spouse possession, he could have created a legal life estate. Although it is uncommon for chattels to be placed in trust, a life estate is not the exclusive method of disposition of chattels and here would not have effectuated the decedent’s plan. The trustees in their own memorandum of law acknowledge that "one (cannot) realistically speak of the personal 'use and enjoyment’ of over 20,000 works of art.” It follows that the bulk of the collection requires supervision. The mechanism of a trust permits the beneficiary to take possession of part of the property and the trustees to manage the balance (see, Matter of Updegrove, 12 Pa D & C 2d 216).
The trustees argue that article VII, which gives them the power to manage the property, must be construed to entitle them to possession. However, an administrative provision should not be interpreted to reduce the beneficial interest conferred in a prior dispositive provision (see, Matter of Stanfield, 135 NY 292; Matter of Capasso, 55 Ill App 2d 330, 204 NE2d 788). Moreover, a constructional preference is afforded the surviving spouse. A provision for a surviving spouse should not be diminished unless an intention in subsequent *740 language to do so is clear, definite and imperative (Matter of Berger, 57 AD2d 591).
The will and trust are construed to permit the petitioner to take personal possession of any of the artwork in the marital trust for display in her home(s) subject to the trustees’ over-all power of management (e.g., insurance, transportation).
In addition, the petitioner contends that she has the right to loan the artwork for exhibition, without any restrictions imposed by the trustees. The trustees contend that it is solely within their discretion to place the items for exhibition. Obviously, there is substantial prestige associated with the exhibition of parts of this collection.
As the income beneficiary of the trust, the petitioner is entitled to all of the "benefits” associated with the property which encompasses all of the profits, advantages and privileges (Black’s Law Dictionary [6th ed]). This includes the privilege to loan the artwork subject to the trustees’ over-all powers of supervision to ensure the protection of the assets. A loan of the artwork does not violate the requirement of section 2056 that the property not consumed by the spouse be ultimately subject to tax. The value of the artwork is not diminished by exhibition. However, the added expense of insuring and transporting must be assumed by the petitioner. Finally, the trustees have no authority to loan the artwork absent the petitioner’s consent.
In her petition for construction, petitioner further claims the right as a fiduciary and beneficiary to review all documents related to the administration of the estate. She also seeks permanent possession of all of the decedent’s papers as a beneficiary of the decedent’s "personal effects.” The first item does not involve a construction of the will or trust. The second item may require a construction of the will and trust. However, more detailed information is required concerning the categories of documents held by the fiduciaries.