OPINION OF THE COURT
C. Raymond Radican, J.
In this accounting proceeding, the petitioner Bank of New York as successor trustee seeks a construction of the residuary clause in the will of Edward C. Patterson.
*94 Edward Patterson died on June 13, 1932. His will was duly admitted to probate on February 17, 1933. Article sixth of the will provided for the residuary estate to be held in trust during the lives of the decedent’s spouse, Elizabeth Patterson, and the decedent’s daughter, Marcia Patterson, with the income to be paid to them in equal shares, and all to the survivor. The remainder was to be divided equally between the decedent’s sister, Mabel Patterson, and the decedent’s sister-in-law, Anna Fisher, "or if either of them shall have died to transfer and pay over the whole thereof to the survivor.” Article sixth also provided that if all of the aforementioned beneficiaries predeceased him, "to my heirs at law and next of kin, to be divided among them per stirpes and not per capita.”
The income beneficiaries, Elizabeth Patterson, who died in 1976 and Marcia Patterson, who died in 1991, both survived the remainder beneficiaries, Mabel Patterson, who died in 1962, and Anna Fisher, who died in 1972.
Thus, since the will makes no clear provision for a gift over of the remainder interests where the income beneficiary survives both remainder beneficiaries, the issue before the court is whether the remainderman must survive the income beneficiary in order to take the remainder.
The interested parties to this proceeding are: (1) Elizabeth Zehnder, the sole ultimate beneficiary of the estate of Anna Fisher; (2) potential unknown distributees who are duly represented by a guardian ad litem; and (3) other potential intestate distributees composed of first cousins once removed and first cousins twice removed.
Ms. Zehnder contends that Anna Fisher’s remainder interest was indefeasibly vested upon the death of Edward Patterson, while the potential intestate distributees maintain that Anna Fisher’s remainder interest was contingent upon her surviving the income beneficiaries.
The guiding principle in a construction proceeding is the ascertainment of the testator’s intent (Matter of Brahaney, 117 Misc 2d 46, affd 103 AD2d 1002). It cannot be deduced from a single provision, but must be determined from a sympathetic reading of the will in its entirety (Matter of Fabbri, 2 NY2d 236).
It is well settled in New York that "absent language pointing a contrary intention, words of survivorship refer to the time of the testator’s death 'only in the case of an absolute *95 devise or bequest to one and in case of his death to another’; they carry no such implication where, as in the will under consideration, the first devisee or legatee takes a life estate.” (Matter of Gautier, 3 NY2d 502, 508; Matter of Gustafson, 74 NY2d 448; Matter of Larkin, 9 NY2d 88; Mullarky v Sullivan, 136 NY 227; see, 4 Page, Wills, 34.32, n 3.) The language used by the testator here thus created a vested remainder in fee subject to being divested by the remainderman’s failure to survive the life beneficiary.
The only contingency that the testator provided for was if all the beneficiaries predeceased him. This contingency did not in fact occur, nor may it be implied since gifts by implication are not ordinarily favored (Matter of Bellows, 103 AD2d 594).
Thus, the residuary estate must pass through the laws of descent and distribution. Furthermore, for purposes of intestate succession, the only people who can be deemed to be distributees are those who qualified as such on the date of the decedent’s death (Matter of Fairchild, 81 NYS2d 111, affd 275 App Div 705, lv denied 275 App Div 803; Clark v Cammann, 160 NY 315; Doanne v Mercantile Trust Co., 160 NY 494). Pursuant to Decedent Estate Law § 83 (1), the residuary estate must pass to the decedent’s spouse and daughter. The fact that both the spouse and daughter were income beneficiaries of the trust does not exclude them as next of kin at the time of the testator’s death (Matter of Bruce, 38 Misc 2d 1035).
It is of interest to note that from the record it appears Ms. Zehnder is the sole beneficiary of the estate of Marcia Patterson, the testator’s daughter, who was the sole beneficiary of her mother, Elizabeth Patterson, the testator’s spouse and, accordingly, the sole interested person in this estate.