In the Matter of the Estate of VINCENT TERRANOVA, Deceased. CARL TERRANOVA et al., Respondents; ELVIRA TERRANOVA, Appellant. [873 NYS2d 651]—

In a probate proceeding, the objectant Elvira Terranova appeals from an order of the Surrogate's Court, Queens County (Nahman, S.), dated April 15, 2008, which denied her motion for partial summary judgment on her objections to the accounting in which she sought to surcharge the co-trustees of the trust created under ARTICLE FIFTH of the last will and testament of the decedent, Vincent Terranova, inter alia, for loans made from the trust to a certain life insurance trust to pay for premiums for life insurance policies upon the objectant's life, for commissions received by a company owned by the petitioner, cotrustee Edward T. Borg, for procurement of said life insurance policies, and for certain margin interest charges made against trust income.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying that branch of the objectant's motion which was for partial summary judgment on her objection seeking to surcharge the cotrustees of the trust created under ARTICLE FIFTH of the last will and testament of the decedent, Vincent Terranova, for loans made from the trust to a certain life insurance trust, to pay for premiums for life insurance policies upon the objectant's life, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that, upon searching the record, the petitioners are awarded partial summary judgment dismissing the objections seeking to surcharge the cotrustees of the trust created under

ARTICLE FIFTH of the last will and testament of the decedent Vincent Terranova for commissions received by a company owned by the petitioner cotrustee Edward T. Borg for procurement of said life insurance policies, and for certain margin interest charges made against trust income.

Vincent Terranova died in July 1992. Shortly thereafter, his will was duly admitted to probate. The remainder of the decedent's estate was left to his wife, the objectant Elvira Terranova (hereinafter Terranova) in a testamentary trust established pursuant to ARTICLE FIFTH of the will. Terranova was named sole lifetime beneficiary of the trust income, and the decedent's two sons from a previous marriage, the petitioners Carl Terranova (hereinafter Carl) and George Terranova (hereinafter George), were the remaindermen of the trust. Carl and George were nominated cotrustees of the trust, along with the petitioners Robert Becht and Edward T. Borg. The accounting at issue covers the period from August 31, 1992 through December 31, 2005.

The cotrustees seek judicial settlement of their intermediate account. As the trust beneficiary, Terranova filed objections to the accounting, objecting, inter alia, to (1) loans from the trust to the Vera Terranova Life Insurance Trust (hereinafter the Life Insurance Trust) to pay for premiums related to life insurance policies against Terranova's life, (2) the receipt of commissions for procurement of the life insurance policies by a company owned by petitioner cotrustee Borg, and (3) margin interest charged to the income of the trust. Terranova moved for partial summary judgment in her favor on, among others, the aforementioned objections. The Surrogate's Court denied the motion in its entirety.

Terranova met her initial burden of demonstrating entitlement to judgment as a matter of law on her objection relating to the life insurance loans, with proof establishing that those loans constituted unproductive property (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Where unproductive property is placed in trust, a trustee ordinarily has the duty to convert the property to income producing property and the duty to produce income is owing to the income beneficiary, not the remaindermen" (*Matter of Sackler*, 149 Misc 2d 734, 739 [1990]; *see* Restatement [Third] of Trusts § 240). ARTICLE FIFTH of the decedent's will specifically prohibits the cotrustees from retaining unproductive property beyond a reasonable period of time. The record shows that the loans, which are listed in the accounting as trust assets for more than 15 years, did not produce interest income, nor was any principal thereof repaid. Conse-

quently, under these circumstances, Terranova established, prima facie, the cotrustees' violation of the prohibition against the retention of unproductive property. In response, the cotrustees failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Contrary to the cotrustees' contention, Terranova is not estopped from challenging the subject life insurance loans. The record fails to show that Terranova consented, by action or silence, to the loans from the trust to fund the policies, or to the cotrustees' refusal to collect interest on or enforce repayment of the subject loans (*see generally Matter of Bloomingdale*, 48 AD3d 559 [2008]). Accordingly, the Surrogate's Court should have granted that branch of Terranova's motion which was for partial summary judgment on her objections in relation to the life insurance loans.

Contrary to Terranova's contention, the Surrogate's Court properly denied those branches of her motion which were for partial summary judgment on her objections in relation to insurance commissions received by a company owned by cotrustee Borg for procuring the life insurance policies, and the cotrustees' use of margin accounts. The prime consideration in construing the terms of a will or trust instrument is the intention of the testator as expressed therein (*see Matter of Fabbri*, 2 NY2d 236, 239 [1957]). "All rules of interpretation are subordinated to the requirement that the actual purpose of the testator be sought and effectuated as far as is consonant with principles of law and public policy" (*id.* at 239-240). A will or trust instrument must be "construed as written and the settlor's intention determined solely from the unambiguous language of the instrument itself" (*Mercury Bay Boating Club v San Diego Yacht Club*, 76 NY2d 256, 267 [1990]). Terranova's prime complaint against the commissions received by Borg's company is the retention by the cotrustees of a company owned by one of them to procure the subject life insurance policies. However, the unambiguous language of the will clearly evinces an intent by the testator to allow the cotrustees to engage businesses owned by or related to themselves in administering the trust, which, under the circumstances of this case, includes procurement of the subject life insurance policies. The same is true with respect to the opening of margin accounts which are explicitly authorized in the will. Further, contrary to Terranova's contention, margin borrowing is not a per se breach of a trustee's fiduciary obligations (*cf. Matter of LeRouge*, NYLJ, Apr. 22, 2004, at 29, col 6 [Sur Ct 2004]). Accordingly, the Surrogate's Court properly denied those branches of Terranova's motion which were for partial summary judgment on her objections in relation to the life insurance commissions received by Borg's company, and the margin accounts.

Moreover, this Court has the authority to search the record and award summary judgment to the cotrustees with respect to an issue that was the subject of the motion before the Supreme Court (*see* CPLR 3212 [b]; *Omar v Rozen,* 55 AD3d 705, 706 [2008]). Upon searching the record, we thus award summary judgment to the cotrustees dismissing the objections in relation to the life insurance commissions received by Borg's company, and the margin accounts.

The parties' remaining contentions are without merit. Mastro, J.P., Florio, Balkin and Eng, JJ., concur.