[2 NYS3d 855]

# In the Matter of the Estate of Bess N. Linder, Deceased.

Surrogate's Court, Nassau County, December 15, 2014

**APPEARANCES OF COUNSEL**

*Vittoria Purdy & Cavallaro, LLP*, New York City (*Alfred Cavallaro* of counsel), for Citibank, trustee.

*Cahill & Cahill, P.C.*, Brooklyn (*James H. Cahill, Jr.* of counsel), for executor.

*Jankoff & Gabe, P.C.*, New York City (*Lawrence M. Gabe* of counsel), for the Albert A. and Bertram N. Linder Foundation, Inc., charitable beneficiary.

*Greenfield Stein & Senior, LLP*, New York City (*Jeffery H. Sheetz* of counsel), for respondents.

*Eric T. Schneiderman, Attorney General*, New York City (*Robert R. Molic* of counsel), for ultimate charitable beneficiaries.

## OPINION OF THE COURT

EDWARD W. McCARTY III, J.

This is a petition by a trustee for construction of a testamentary trust.

The decedent Bess Linder died on May 11, 1970. Her last will and testament dated January 7, 1963 and a codicil dated January 27, 1970 were admitted to probate by a decree of this court on June 2, 1970.

The testator was survived by her son, Bertram, and two grandchildren, Robert and Denise, Bertram's children. The dates of death of the testator and her issue are as follows:

| | |
|---|---|
| Bess: | May 11, 1970 |
| Bertram: | October 7, 2009 |
| Robert: | November 24, 1992 |
| Denise: | May 25, 2012 |

The construction is required because the codicil creates an ambiguity regarding the testator's intention as to the trust remainder. Article EIGHTH of the original will, the residuary clause, contains an outright bequest of the residuary estate to Bertram if he survived the testator. If he failed to survive, then Article EIGHTH provides for the creation of two trusts, one each for Robert and Denise. Articles NINTH and TENTH govern the administration and disposition of the remainder of those trusts. As to the remainder, Article TENTH provides, among other things, that if the testator's grandchildren should die without issue, as in fact occurred, then the remainder was to be distributed as follows: 10% to Bertram's wife if still living; 50% to the Albert A. and Bertram N. Linder Foundation, Inc.; and the balance to be distributed among the testator's nieces and nephews surviving at the termination of the trust(s). The codicil to the will revokes Article EIGHTH in its entirety

and replaces it with a new Article EIGHTH that bequeaths the residuary estate to a trust for Bertram for his life and upon his death the trust is to be divided into as many parts as Bertram shall have children surviving him to continue for the lives of such child or children with the remainder payable to such child or children's issue. As indicated above, Bertram did survive the testator but his children both died without issue. Pursuant to Article EIGHTH as added by the codicil, the remainder is payable to the issue of the remainder beneficiaries. Since they died without issue, it appears, reading Article EIGHTH in isolation, that the remainder would be distributed to the testator's distributees in intestacy (*Matter of Patterson*, 155 Misc 2d 93 [Sur Ct, Nassau County 1992]). Here, the decedent's only distributee at the time of her death was her son Bertram. If it be determined that the trust remainder is to be distributed as in intestacy, it would be payable to the estate of Bertram.

The disposition of the remainder is complicated by the fact that although the codicil revoked Article EIGHTH, it did not revoke Articles NINTH and TENTH which remain part of the will. It is also complicated by the inartful drafting of the will itself, even absent the codicil. As mentioned above, Article "EIGHTH" of the original will bequeaths the entire residuary estate outright to Bertram Linder if he survives the decedent, which he did. If he does not survive the decedent, the residuary estate is divided into two separate trusts "B" and "C." Article "NINTH" designates Robert as the beneficiary of trust "B." Article "TENTH" designates Denise as the beneficiary of trust "C." Thus, Article EIGHTH as added by the codicil and both Articles NINTH and TENTH of the original will contain provisions regarding the administration of and the disposition of income and principal of the trusts created for the benefit of Robert and Denise. Article "TENTH" further provides:

"(b) If my son shall not survive me and both my grandson and my granddaughter shall either not survive me, or shall both die without leaving any issue surviving, I give, devise and bequeath the residuary estate, or the balance of Part 'B' and Part 'C' as the case may be, as follows:

"(b-1) Ten (10%) percent thereof to my daughter-in-law, ELEANOR LINDER, if then living, but if she shall not then be living, this bequest shall lapse;

"(b-2) Fifty (50%) percent thereof to the ALBERT A. and BERTRAM N. LINDER FOUNDATION, INC.,

a member-only corporation organized and existing under the laws of the State of New York, as hereinafter described;

"(b-3) The balance thereof, including all bequests which shall have lapsed, to my nieces and nephews and to the respective issue of any deceased nieces and nephews, per stirpes and not per capita."

Eleanor Linder, Bertram's wife, is deceased and the remainder bequest to her has lapsed in any event. If the condition in Article TENTH that Bertram predecease the testator is enforced, the remainder beneficiaries designated in subdivisions (b-2) and (b-3) of Article TENTH will not take because Bertram survived the testator. Alternatively, if the condition that Bertram Linder predeceased the testator is not enforced, the remainder would be divided 50% to the foundation and 50% to be divided between Joan Bercovitz and Janice Newman Miller, the testator's surviving nieces.

The executor of the estate of Bertram Linder filed an answer to the petition and argues that, as the condition that Bertram predecease the testator has not been satisfied, the remainder passes by intestacy to the distributees of the estate of Bess Linder. The Attorney General of the State of New York has appeared on behalf of the charitable beneficiary and has not taken a position on the disposition of the remainder.

Simply put, and assuming the court is able to determine her intent, was it the testator's intent that if Bertram survived and her grandchildren should die without issue that the remainder of the testamentary trust(s) would pass by intestacy or that it pass pursuant to Article TENTH to her daughter-in-law, the foundation, and her nieces and nephews? A will and codicil are regarded as one instrument (EPTL 1-2.1) for the purpose of determining testamentary intent (*Ward v Ward*, 105 NY 68 [1887]). In the construction of a will, the court should consider not only a single word or phrase but engage in a sympathetic reading of the entire instrument (*Matter of Larkin*, 9 NY2d 88 [1961]; *Matter of Terranova*, 59 AD3d 453 [2d Dept 2009]). Furthermore,

"[i]n construing a will, the predominant idea in [the] testator's mind at the time of its execution, if apparent, is to be followed as against all doubtful and conflicting provisions that might of themselves defeat it . . . All subordinate provisions bend in construction to the testator's main purpose and

should if possible carry it out, not obstruct it" (11 Warren's Heaton, Surrogate's Court Practice § 187.01 [4] [c] at 187-24 [7th ed 2006]).

The draftsman failed to properly integrate the provisions of Article EIGHTH as added by the codicil with the existing provisions of Articles NINTH and TENTH. Article "EIGHTH," which divides the residuary estate into trusts for the benefit of Robert and Denise if Bertram predeceased the testator, was revoked by the codicil. Under the literal terms of the will and codicil, there would be no provision for Robert and Denise in the event Bertram predeceased the testator, not a result the testator likely intended. Also, Articles "NINTH" and "TENTH" outline the particulars of the trusts but Article "EIGHTH" directs the division of the residuary estate into two trusts.

Under the original will, unmodified by the codicil, there is a gift over of the residuary estate to Robert and Denise, in trust, in the event Bertram predeceased the testator. The remainder beneficiaries designated in subdivisions (b-1), (b-2) and (b-3) take only in the event two conditions are satisfied: Bertram predeceased the testator and Bertram's children died without issue surviving. The codicil substitutes a trust for the benefit of Bertram in place of an outright bequest. The provision in Article TENTH subdivision (b) that the remainder pass to the daughter-in-law, the foundation, and the nieces and nephews only on the condition that Bertram predecease the testator is a remnant of the outright bequest.

In resolving the inconsistencies between a will and codicil it should first be determined what the purpose of the testator was in modifying the original instrument (*Kinkele v Wilson*, 151 NY 269 [1897]). Here, the testator's intention was to convert the outright gift to Bertram Linder to a gift in trust. It does not appear that the testator changed the general testamentary plan to benefit her lineal descendants and, in the absence of lineal descendants, her daughter-in-law, collateral relatives and the foundation.

It is unreasonable to conclude that the testator, having contemplated the possibility that her grandchildren might die without issue surviving, intended by the codicil to virtually eliminate the provisions for this contingency. Enforcement of the requirement that Bertram predecease the testator would result in intestacy, the precise result the testator sought to avoid. It would annul the remainder interests which the original instrument created (*Crozier v Bray*, 120 NY 366 [1890]; *Wager v Wager*, 96 NY 164 [1884]).

The scrivener relied upon Article "TENTH" to supply the names of the remainder beneficiaries of the trusts for the benefit of the testator's issue, but failed to delete the condition that Bertram predecease the testator for those trusts to become operative. Where the failure to delete a condition can only be explained by inadvertence, the condition should be disregarded (*In re Streat's Will*, 237 NYS2d 203 [Sur Ct, Westchester County 1963]).

It is noted that there is a rule of construction that a condition attached to a gift carries over to a substituted gift in a codicil (*see* L. S. Tellier, Annotation, *Incident, Quality, or Condition, Expressly Impressed upon Legacy or Devise by Will, as Attaching to Additional or Substituted Legacy or Devise Under Codicil, or as Affected by Gift by Codicil or Stipulation in Codicil*, 156 ALR 793). In this case, the rule must yield to an intention clearly expressed. All rules of construction are subordinate to implementation of the manifest intention of the testator (*Matter of Fabbri*, 2 NY2d 236 [1957]; *Matter of White*, 65 AD3d 1255 [2d Dept 2009]).

The foundation and the executor of the estate of Bertram Linder have entered into a stipulation where it is agreed "that the funds in dispute between them shall be paid 60% to the foundation and 40% to the Estate of Bertram Linder." Joan Bercovitz and Janice Newman Miller are not parties to the stipulation and would not be affected by it. The Office of the Attorney General has indicated in writing it has no objection to this agreement between the foundation and the estate of Bertram Linder. The court is not passing on the terms of that settlement.

Generally, the construction of a will cannot be determined by consent (*Matter of Israelite*, 155 Misc 259 [Sur Ct, Bronx County 1935]). In the extraordinary circumstance that an ambiguity cannot be resolved by application of the rules of construction, the court may approve a stipulation between the parties (*e.g. Matter of Kramer*, 20 Misc 3d 383 [Sur Ct, Nassau County 2008]). Here, it is possible to ascertain the intentions of the testator and the court therefore declines to approve the agreement as a compromise on the issues raised in the construction proceeding.

Accordingly, the court finds that the remainder is to be divided, 50% to the foundation, 25% to Joan Bercovitz and 25% to Janice Newman Miller.