■ HENRY SOKOL, Appellant, v BONNIE MURPHY, Respondent. [7 NYS3d 901]—

In an action, inter alia, in effect, for a judgment declaring that the plaintiff is a named remainder beneficiary under a trust entitled the "Wendell Grapentine and Claire F. Grapentine Irrevocable Trust," dated December 18, 1996, as amended on November 9, 1999, and February 28, 2001, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated May 16, 2014, which denied his motion for summary judgment on the causes of action alleging conversion, breach of fiduciary duty, and fraud, and to impose a constructive trust, and granted the defendant's cross motion for summary judgment dismissing those causes of action and, in effect, declaring that the unambiguous language contained in the second amendment to the trust dated February 28, 2001, evidenced the surviving grantor's intention to disinherit the plaintiff from the class of children to inherit as remainder beneficiaries under the trust.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that the unambiguous language contained in the second amendment to the trust dated February 28, 2001, evidenced the surviving grantor's intention to disinherit the plaintiff from the class of children to inherit as remainder beneficiaries under the trust.

The plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on his motion for summary judgment on the causes of action alleging conversion, breach of fiduciary duty, and fraud, and to impose a constructive trust (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Thus, the Supreme Court properly denied the plaintiff's motion, regardless of the sufficiency of the defendant's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Further, the Supreme Court properly granted the defendant's cross motion for summary judgment dismissing the complaint and, in effect, declaring that the unambiguous language contained in the second amendment to the subject trust dated February 28, 2001 (hereinafter the second amendment), evidenced the surviving grantor's intention to disinherit the plaintiff from the class of children to inherit as remainder beneficiaries under the trust. The prime consideration in construing the terms of a trust instrument is the intention of the grantor as expressed therein (*see Matter of Terranova*, 59 AD3d 453, 455 [2009]). The trust instrument is to be construed

as written and the grantor's intention determined solely from the unambiguous language of the instrument itself (*see Matter of Wallens*, 9 NY3d 117, 122 [2007]; *Matter of Chase Manhattan Bank*, 6 NY3d 456, 460 [2006]; *Mercury Bay Boating Club v San Diego Yacht Club*, 76 NY2d 256, 267 [1990]). Here, in support of her cross motion, the defendant established, prima facie, that the unambiguous language of the second amendment did not include the plaintiff as a remainder beneficiary. In opposition, the plaintiff failed to raise a triable issue of fact.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Dutchess County, for the entry of a judgment declaring that the unambiguous language contained in the second amendment evidenced the surviving grantor's intention to disinherit the plaintiff from the class of children to inherit as remainder beneficiaries under the subject trust (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Mastro, J.P., Rivera, Dickerson and Maltese, JJ., concur.