OPINION OF THE COURT
Peter N. Wells, S.
In this accounting proceeding, objections have been made to *356 petitioner’s, HSBC Bank USA, intermediate account for the period March 31, 1976 to May 21, 1999. Petitioner is one of two cotrustees of a trust created under the last will and testament of Margaret Speno Farley, dated March 1974. The cotrustee, Mary F. Hellrung, is one of decedent’s daughters. Objectants are Helen Farley MacDonald, a daughter of decedent and the current income beneficiary under the trust, as well as her sons, Edward and Timothy MacDonald, the remaindermen of said trust. The income beneficiary and the remaindermen have filed separate sets of objections which raise generally two basic issues: one being whether the investment activities of petitioner are actionable solely upon the grounds that said powers were exercised by petitioner alone without the consent of the co-trustee regardless of the consequences thereof; the other being whether the trust investments were made without due regard for the respective interests of the income beneficiary and the remaindermen.
It is elemental that in matters involving testamentary trusts the language in the trust document itself is controlling as to the powers of the trustees (see generally, Matter of Mendleson, 46 Misc 2d 960). Paragraph 6 of decedent’s last will and testament provides in part:
“6. Powers of Fiduciaries. In the investment, administration, and distribution of my estate and of the trusts hereby created, the Executors and Trustees may perform every act in the management of my estate and of the trusts which individuals may perform in the management of like property owned by them free of any trust, including by way of illustration the following powers:
“a. To sell, grant options to purchase, exchange, or alter assets of the trusts, or any of them.
“b. To invest, and reinvest, all funds from time to time available for investment or reinvestment in any kind of property * * * including by way of illustration * * * interests in any amount in common trust funds * * * as they shall deem proper and for the best interests of the beneficiaries, irrespective of any rules of law governing the investment of trust funds” (emphasis added).
Plainly, the trust terms allowed the trustees the broadest possible discretion in matters involving trust investment and divestment.
*357 Although EPTL 10-10.7 specifically outlines the exercise of powers by multiple fiduciaries, the court notes that said statute does not operate in a vacuum. Clearly a fiduciary is allowed to delegate the exercise of a joint power to a cofiduciary when the cofiduciary has an expertise in the matter (Matter of Goldstick, 177 AD2d 225, mod 183 AD2d 684). The caveat to this principle is that the passive trustee may be held liable for damages to the trust as a result of his or her inaction if negligent.
In the instant situation, the cotrustee specifically testified that her only experience as a trustee has been for this trust. She further stated that she had no formal training in regard to investments. Nevertheless the evidence revealed that she was far from a passive trustee. The cotrustee indicated that although she may not have been consulted with regard to each purchase(s) or sale(s) by petitioner, she was aware of the trust activity through periodic reports. In fact she herself initiated numerous discussions with petitioner’s trust officers relative to the mix of trust assets and she agreed with the activity that resulted from these discussions. Her entire course of conduct in regard to the trust activities for a period in excess of 23 years amounts to a ratification of petitioner’s conduct. Indeed she does not oppose the requested relief herein but rather seeks approval of the accounting.
Objectants urge that Banking Law § 100-c, involving common trust funds, and petitioner’s own guidelines and manuals require the specific consent of a cotrustee to investments. The court finds this argument misplaced. Petitioner’s internal regulations do not usurp the trust terms which are paramount as to the interaction between and among the trustees and the beneficiaries of the trust. Here, the governing instrument allows the trustees comprehensive investment authority. In a conflict between the governing instrument and petitioner’s own rules and regulations, the governing instrument reigns supreme. As discussed previously herein a trustee may delegate his or her powers to a cotrustee.
Moreover, contrary to objectants’ assertions, Banking Law § 100-c (1) provides: “[i]n any case where the instrument or the order, decree or judgment under which such moneys are held does not forbid, such trust company, either alone or in conjunction with one or more other persons acting with it in any fiduciary capacity, may invest and reinvest such moneys or any part thereof by adding the same to any such common trust funds” (emphasis added). Here, the trust instrument itself at *358 paragraph 6 (b) specifically allows investments in common trust funds.
Objectants have also raised the issue of lack of impartiality with respect to the investments of petitioner. However, any alleged partiality is subject to proof. Contrary to objectants’ allegations, the evidence revealed that petitioner periodically reviewed the income beneficiary’s financial and medical situation and in fact changed the asset mix accordingly. There was no credible evidence that it did so to the detriment of any other beneficiary. Indeed, objectants’ expert did not opine whether or not petitioner’s investment activities were reasonable and prudent. Rather, he merely subtracted the present price of the stock from the price at the time of sale. Clearly, a court cannot rely on such hindsight to consider and fault fiduciary investment strategies (Matter of Janes, 90 NY2d 41).
Accordingly, all of the objections of both the income beneficiary and the remaindermen are dismissed for lack of proof. Petitioner’s intermediate account for the period March 31, 1976 to May 21, 1999 is hereby approved.